ORIGINAL

**958-15**

No. 11-13-00139 CR

IN THE

COURT-OF-CRIMINAL APPEALS

OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 01 2015

Abel Acosta, Clerk

ROBERT MUÑOZ, APPELLANT

V.

THE STATE of TEXAS, APPELLEE

---

APPELLANTS PETITION FOR DISCRETIONARY REVIEW

---

IN APPEAL No. 11-13-00139 CR

FROM THE

COURT-OF-APPEALS

11th DISTRICT EASTLAND COUNTY

TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

OCT 01 2015

Abel Acosta, Clerk

---

MR. ROBERT MUÑOZ
No. 01859917
STEVENSON UNIT
1525 F.M. 766
CUERO, TEXAS
—77954—

# INDEX OF AUTHORITIES

## U.S. CONSTITUTION

FIFTH AMENDMENT OF THE U.S. CONSTITUTION . . . . . . 7, 8, 9, 11, 12, 15, 18, 19
SIXTH AMENDMENT OF THE U.S. CONSTITUTION . . . . . . . 9, 13, 14, 15, 16, 17, 18
FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION . . . . . . . 5, 7, 8, 12

## U.S. SUPREME COURT

ANDERS V. CALIFORNIA 386 U.S. 738, 18 L.Ed. 2d, 493, 87 S.Ct. 1396 (1967) . . . . 18
BRADY V. MARYLAND 373 U.S. 83, 83 S.Ct. 1104 (1963) . . . . . . 5, 14
BROLK V. U.S. 223 F.2d 681, 685 (1955 - 5th Cir.) . . . . . . 9
CHRONIC V. U.S. 466 U.S. 648, 80 L.Ed. 2d 657, 104 S.Ct. 2036 (1984) . . 16, 17
GRIFFIN V. CALIFORNIA 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed. 2d 106 (1965) 11
JENKINS V. ANDERSON 447 U.S. 231, 238-40, 100 S.Ct. 2124, 2129-30, 65 L.Ed. 2d 86...7
McMANN V. RICHARDSON 397 U.S. 759, 771 n.14, 25 L.Ed. 763, 90 S.Ct. 144 (1970) (1980) . . . 17
MIRANDA V. ARIZONA 384 U.S. 436 (1966) . . . . . . . . . . 10
POWELL V. ALABAMA 287 U.S. 45, 53 S.Ct. 57, L.Ed. 158 (1932) . . . . . 15, 19
QUINN V. U.S. 349, 155, 162-64, 75 S.Ct. 66, 673-74, 95 L.Ed. 964, 972-73 (1955) . . 9
RUMPELLA V. BEARD 125 S.Ct. 2456 (2005) . . . . . . . . 15
ROSE V. U.S. 141 F.Supp. 2d 661 (2001) . . . . . . . 13
SALINAS V. TEXAS 133 S.Ct. 2174, 2182-83 (2013) . . . . . . . . 8, 11
SMITH V. U.S. 337 U.S. 137, 69 S.Ct. 1000, 93 L.Ed 1204 (1949) . . . 9
U.S. V. ASH 413 U.S. 300, 309, 37 L.Ed. 2d 614, 93 S.Ct. 2568 (1973) . . . . 18
U.S. V. BURSON 952 F.2d 1196 (10th Cir. 1991) . . . . . . 11
U.S. V. GOODWIN 470 F.2d 843 (1972) (5th Cir.) . . . . . . 9, 12
U.S. V. McKINNELL 888 F.2d 669, 676 (10th Cir. 1999) . . . . . . 11
STRICKLAND V. WASHINGTON 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) . . 15

## TEXAS CONSTITUTION

ART 1, SEC. 10 OF THE TEXAS CONSTITUTION . . . . . . . . . 8, 15

## TEXAS COURT OF CRIMINAL APPEALS

HUNTER V. STATE 530 S.W. 2d 573 (Tex. Crim. App. 1973) . . . . . . 3

## TEXAS COURT OF APPEALS

HENESSY V. STATE 268 S.W. 3d 153, 161 (Tex. App. Waco, 2008) . . . . 8
HERRON V. STATE 86 S.W. 3d 621, 628-29 (Tex. Crim. App. 2002) . . 7
JOHNSON V. STATE 172 S.W. 3d 6 (Tex. App - Ft. Worth 2005) . . . 15
SALINAS V. STATE 369 S.W. 3d 176, 179 (Tex. Crim. App. 2012) . . . . 8, 10, 11

## TEXAS CODE OF CRIMINAL PROCEDURE

ART. 1.05 . . . . . . . . . . . 8 , 7 , 10 , 15
ART. 1.051 . . . . . . . . . . 15
ART. 2.01 . . . . . . . . . . 5 , 14
ART. 51 . . . . . . . . . . 3 , 5

## TEXAS PENAL CODE

CODE 38.04 . . . . . . . . . . 3 , 5

## TEXAS RULES OF APPELLATE PROCEDURE

RULE 9.2(b) . . . . . . . . . . 2
RULE 44.2(9) . . . . . . . . . . 12

## TEXAS RULES OF EVIDENCE

RULE 103 (f) . . . . . . . . . . 1
RULE 201 . . . . . . . . . . 1
RULE 403 . . . . . . . . . . 4 , 7 , 19

## EXHIBITS

#1 . . . . . . . . . . . 15
#2 . . . . . . . . . . 17
#3 . . . . . . . . . . 5
#4 . . . . . . . . . . 10
#5 . . . . . . . . . . 3 , 6

# TABLE OF CONTENTS

INDEX OF AUTHORITIES . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . 1A

STATEMENT OF THE CASE . . . . . . . . . . . 2

STATEMENT OF PROCEDURAL HISTORY . . . . . . . 2

GROUNDS FOR REVIEW . . . . . . . . . . . 3-19

GROUND FOR REVIEW NO ONE:
THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY THAT A WITNESS HAD PREVIOUSLY BEEN CONVICTED OF HINDERING APPREHENSION

GROUNDS FOR REVIEW NO TWO:

THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY OF APPELLATES BONDING COMPANY GETTING OFF BOND

GROUNDS FOR REVIEW NO THREE:

THE TRIAL COUR ABUSED ITS DISCRETION BY ALLOWING TESTIMONY THAT APPELLANT DECLINED OFFICERS REQUEST FOR A STATEMENT.

GROUND FOR REVIEW NO FOUR:
INEFFECTIVE ASSISTANCE OF COUNSEL

PRAYER FOR RELIEF . . . . . . . . . . . 20

CERTIFICATE OF SERVICE . . . . . . . . . . 20

APPENDIX . . . . . . . . . . . . . . N/A

ii

No. 11-13-00139 CR

IN THE

COURT OF CRIMINAL APPEALS
OF TEXAS

Robert Muñoz - Appellant

V.

The State Of Texas - Appellee

Appellants Petition For Discretionary Review

TO THE COURT OF CRIMINAL APPEALS OF TEXAS:

PLEASE FIND HEREIN APPELLANTS PRO-SE MOTION, HOWEVER, THE ADDITIONAL COPIES FOR DISCRETIONARY REVIEW COULD NOT BE MADE, THERE IS NO ACCESS FOR INMATES TO MAKE ANY COPIES IN T.D.C.J. IN THIS ORIGINAL PETITION YOU AND THE COURT WILL FIND ADDITIONAL ARGUMENTS MADE AS TO SUPPORT EACH GROUND WITH THE CITATION TO SUPPORT EACH ARGUMENT. THESE GROUNDS ARE IN THE SAME ORDER AS ORIGINALLY FILED BY APPELLATE COUNSEL. THIS PETITION IS IN ACCORDANCE TO THE STATUATORY LANGUAGE IN RULE 68 OF TEXAS RULES OF APPELLATE PROCEDURE, ALBEIT, THE COURT MAY FIND ANY MISTAKES ON THE FILING, THE PETITIONER RESPECTFULLY REQUEST THAT THIS COURT DOES NOT HOLD IT AGAINST APPELLANT. PLEASE TAKE JUDICIAL NOTICE OF THIS ENTIRE PROCEEDING UNDER TEXAS RULES OF EVIDENCE 103 (f) AND 201, ESPECIALLY ON THE FACT THAT APPELLATE COUNSEL HAS FAILED TO CHALLANGE THE SUFFICIENCY OF EVIDENCE IN HIS BRIEF, THEREFORE, HE HAS ALSO BEEN CONSTITUTIONALLY INEFFECTIVE FOR NOT FILING MATERIAL ISSUES ON THE INSUFFICIENCY OF EVIDENCE KNOWING THAT PETITIONER CAN ONLY CHALLANGE

1

THE SUFFICIENCY OF EVIDENCE ON DIRECT APPEAL, OR DIRECT REVIEW.

Appellant prays acceptance by this honorable court to bring his petition with all exhibits and all parties filed into the court. Appellant respectfully request notice of receipt of this petition and filing.

Respectfully Submitted,

Robert Muñoz / Pro-Se
No. 1859917
Stevenson Unit
1525 F.M. 766
Chero, TX. 77954

SIGNED AND DATED THIS 25th DAY OF SEPTEMBER 2015 - MAILED CERTIFIED.

---

## STATEMENT REGARDING ORAL ARGUMENT

The appellant request oral argument in this case due to such argument may assist the court in applying the facts to the issues raised. It is suggested that oral argument may help simplify the facts and clarify the issues.

## STATEMENT OF THE CASE

ON APRIL 20, 2011, APPELLANT WAS INDICTED ON (1) COUNT OF SEXUAL ASSAULT OF M.A.K. WHO ALLEGED SHE WAS 15 YEARS OF AGE, ARRESTED 5/6/11, BONDED OUT 5/9/11, RE-INDICTED ON 04/2012 AFTER ARRESTED AROUND 1/18/12, NOW ALLEGING (2) COUNTS, AFTER ALMOST 1-YEAR FROM ORIGINAL INDICTMENT WITH TOTAL DIFFERENT ALLEGATIONS, RE-INDICTED 5/2012, AND RE-INDICTED 06/2012 WITH ORIGINAL 4/2011 CHARGE AND AN ADDITIONAL CHARGE OF "SEXUAL ASSAULT."

TRIAL WAS IN 04/2013, AND JURY FOUND APPELLANT GUILTY OF "AGGRAVATED" SEXUAL ASSAULT OF BOTH COUNTS, IF NOT, JUDGE SENTENCED "AGGRAVATED" EVEN THOUGH NOT CHARGED ON ANY INDICTMENT OF "AGGRAVATED", AND ALL (4) INDICTMENTS WERE ON SAME CAUSE NO: C.R. 38,496, PUNISHMENT BY JUDGE AT (10) YEARS T.D.C.J. TO RUN CONSECUTIVE, ON BOTH COUNTS.

## STATEMENT OF PROCEDURAL HISTORY

IN CAUSE NO. CR 38,496 THE APPELLANT WAS CHARGED ON THE 4th RE-INDICTMENT OF SEXUAL ASSAULT, 2-COUNTS. THE APPELLANT WAS CONVICTED OF SUCH OFFENSE ON 4/2013 AND APPEALED THE CONVICTION. ON 6/30/15, THE 11th COURT-OF-APPEALS AFFIRMED THIS CONVICTION. NO MOTION FOR REHEARING FILED DUE TO THE LACK OF KNOWLEDGE OF APPELLANT FROM APPELLATE COUNSEL. ON 25 SEPT. 15, THIS PETITION FOR DISCRETIONARY REVIEW WAS TIMELY FORWARDED TO THE COURT-OF-APPEALS FOR FILING PURSUANT TO RULE 9.2 (b) TEXAS RULES OF APPELLATE PROCEDURE.

2

# GROUND 1

THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOWING TESTIMONY THAT A WITNESS HAD PREVIOUSLY BEEN CONVICTED OF HINDERING APPELLANTS APPREHENSION.

## ARGUMENT

(1) ON THE ISSUE THAT THE WITNESS QUESTIONED ABOUT HINDERING THE APPREHENSION OF THE DEFENDANT SEVERLY HURT THE APPELLANT BECAUSE THE PROSECUTOR MADE IT SEEM THAT THE DEFENDANT WAS A FUGATIVE FROM JUSTICE, AND THAT HE WAS ON THE RUN, WHEN IN TRUTH, THE DEFENDANT WAS _NEVER_ CHARGED WITH ESCAPE OR ALLUDING THE POLICE OR EVADING ARREST, SEE TEX. CODE CRIM PROC. 51 AND PEN-CODE 38.04.

(2) THE DEFENDANT WAS NEVER FOUND AT THE WITNESSES HOME, AND FOR THE STATE TO CHARGE THE WITNESS WITH HINDERING APPREHENSION OF THE DEFENDANT IS NOT ONLY AN ABUSE OF DISCRETION, BUT ALSO MALICIOUS PROSECUTION, AND MALICIOUS ARREST. EVIDENCE OF FLIGHT OF COARSE IS IN GENERAL ADMISSABLE ON THE ISSUE OF GUILT, HUNTER V. STATE 530 S.W. 2d 573 (TEX. CRIM. APP. 1973), BUT IN THIS CASE, THERE IS NO EVIDENCE. THERE WAS AN ARREST WARRANT PLACED ON THE DEFENDANT, BUT HAD THE DEFENDANT BEEN ALLUDING THE AUTHORITIES, HE WOULD NOT HAVE COME BACK FROM A VACATION IN CANCUN IN 06/2011 NOR FROM A BUSINESS TRIP TO ATLANTA, GEORGIA IN 01/2012. WHEN APPELLANT TOOK THE ACCUSED WITNESS OF HINDERING HIM ALONG WITH THE ALLEGED WITNESS TO CANCUN IN THE 06/2011 CANCUN TRIP, SEE FLIGHT AND HOTEL INFO SEE EXHIBIT #5; THE PROSECUTOR NOT ONLY MAKE IMPROPER COMMENTS WHEN SHE STATED:

Q: MRS KUZMICH, ELIZABETH, DID YOU GO TO JAIL FOR HINDERING APPREHENSION OF THE DEFENDANT?... A: YES

(WHAT THE STATE FAILED TO SAY IS THAT THE DEFENDANT AT NO TIME WAS AT THE ACCUSED WITNESSES HOME, THEREFORE, SHE COULDN'T NOR SHOULD OF BEEN CHARGED.)

Q: ARE YOU CURRENTLY ON FELONY PROBATION?... A: YES

Q: FOR HINDERING THE APPREHENSION OF THE DEFENDANT?

3

A: I DON'T KNOW WHAT THAT MEANS, BUT, YES (13 R.R. @ 169,170). HOWEVER, WITHOUT ANY FORMAL CHARGES FILED BY THE POLICE SUCH AS EVADING ARREST, THE CHARGES FILED AGAINST ELIZABETH KUZMICH ARE COMPLETELY FALSE AND MALICIOUS AND HAD SHE NOT BEEN ASKED QUESTIONS OF THIS NATURE AS THE PROSECUTOR DID, AND BECAUSE SUCH QUESTIONING SHOWED CULPABILITY AND SUCH EVIDENCE OF THE DEFENDANT ALLUDING THE POLICE DO NOT EXIST ANYWHERE. THEREFORE, THIS CONVICTION MUST BE REVERSED AND REMANDED FOR A NEW TRIAL.

(3)    EVEN THOUGH COUNSEL FOR THE DEFENDANT SHOULD HAVE MOVED FOR A MISTRIAL BASED ON THE IMPROPER COMMENTS AND FALSE EVIDENCE OF FLIGHT PRESENTED BY THE PROSECUTOR, THE TRIAL COURT SHOULD OF REQUESTED EVIDENCE OF THE OFFENSE THAT THE DEFENDANT WAS CHARGED TO SUPPORT THAT HE WAS FLEEING FROM THE POLICE AND OR THAT HE WAS ACTUALLY FOUND AT ELIZABETH KUZMICH'S HOUSE, WHICH HE WAS NOT.

(4)    JUST BECAUSE A PERSON KNOWS ANOTHER PERSON DOES NOT MAKE HIM OR HER GUILTY OF THE OTHER PERSONS ACTIONS, UNLESS THE PERSON HELPED THE OTHER COMMIT A CRIME OR THEY WERE BOTH FOUND UNDER THE SAME ROOF OR CRIME SCENE. UNDER T.R.E. Rule 403, SUCH EVIDENCE IS INADMISSABLE AND THE WAY OF QUESTIONING IS SO IMPERMISSABLE AND SHALL NOT BE ADMITTED TO PROVE DEFENDANTS GUILTY. THE CHARGE AND TRIAL WAS FOR ANOTHER CHARGE, NOT FOR ESCAPING OR ALLUDING THE POLICE. THE EVIDENCE PRESENTED MADE IT LOOK LIKE THE DEFENDANT WAS TRYING TO ESCAPE, THEREFORE, MADE HIM LOOK GUILTY AT THE MOMENT THE IMPROPER EVIDENCE WAS PRESENTED TO THE JURY, THIS PREJUDICIAL ERROR AFFECTED THE OUTCOME OF THE PROCEEDING. THE DEFENDANT WAS ON BOND IN CAUSE NO. C.R. 38,496, SEE THE STATEMENT MADE BY THE PROSECUTOR ON THE "SEVENTH NOTICE OF INTENT TO OFFER EVIDENCE OF EXTRANEOUS CRIMES, ACTS AND WRONGS," ALLEGEDLY COMMITTED

2

BY THE DEFENDANT, FILED ON OR ABOUT 12-21-12, SEE PAGE 3, PARAGRAPH 5 "THE DEFENDANT WAS KNOWN TO BE IN SEVERAL DIFFERENT CITIES BEFORE APPREHENSION, IN ADDITION, THE DEFENDANT WAS AWARE OF HIS ARREST AND FAILED TO TURN HIMSELF IN. ELIZABETH KUZMICH WAS CHARGED WITH HINDERING THE APPREHENSION OF THE DEFENDANT AND IS CURRENTLY IN PROBATION FOR THAT OFFENSE." THIS STATEMENT DOES NOT REFLECT THAT APPELLANT WAS EVER FOUND AT ELIZABETH KUZMICHS' HOME. THEREFORE, SHE WAS NOT HINDERING THE APPREHENSION OF ANYONE, SHE SHOULD NOT HAVE BEEN USED TO TESTIFY AND FLIP HER TESTIMONY AGAINST THE DEFENDANT. HAD THE STATE NOT SUPPRESSED THE EVIDENCE OF NO CHARGES OF EVADING ON THE DEFENDANT AND THAT AT NO TIME WAS HE AT ELIZABETHS HOUSE OR ARRESTED THERE, RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. SEE EXHIBIT #3.

(5) IT IS CLEARLY STATED IN ART 2.01 OF T.C.C.P; THAT IT SHALL BE THE PRIMARY DUTY OF <u>ALL</u> PROSECUTING ATTORNEYS, INCLUDING SPECIAL PROSECUTORS, NOT TO CONVICT, BUT TO SEE THAT <u>"JUSTICE"</u> IS DONE. THEY SHALL NOT SUPPRESS FACTS OR SECRETE A WITNESS CAPABLE OF ESTABLISHING THE INNOCENCE OF THE ACCUSED, <u>AS IN THIS CASE</u>. THE PROSECUTOR FALSLY MADE CHARGES AGAINST ELIZABETH, BUT NEVER CHARGED APPELLANT OF AVADING ARREST; SEE T.C.C.P. ART 51, AND PENAL CODE 38.04. THEREFORE, FOR THE JURY NOT CONSIDERING FACTS OUTSIDE THE SCOPE OF THE EVIDENCE PRESENTED THAT APPELLANT WAS ALLEGEDLY ALLUDING THE POLICE, GREATLY AFFECTED THE VERDICT. THE PROSECUTOR SHOULD HAVE DISCLOSED THAT SHE FABRICATED CRIMINAL CHARGES AGAINST ELIZABETH KUZMICH. FURTHERMORE, THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION, AND VIOLATED THE RIGHTS OF THE DEFENDANT TO HAVE A FAIR AND IMPARTIAL TRIAL AND ITS <u>ENTIRE</u> DUE PROCESS SUCH AS WITHHOLDING <u>ANY</u> MATERIAL FACT IS A "<u>BRADY</u>" VIOLATION, SEE <u>BRADY V. MARYLAND</u> 373 U.S. 83, 83 S. Ct. 1104 (1963).

## Ground 2

The trial court abused its discretion in permitting the high, if not 100% hearsay statement by the bonding company.

## Argument

(1) The state failed to prove any material or physical evidence for the true reason bonding company went off of bond. The record will reflect non-responsive answers from Barrientes while being questioned.

(2) Furthermore, the record states that last payment made by appellant to bonding company was late December 2011, five months after appellants return from Cancun trip with Elizabeth, Maryann and Wilson Kuzmich. Which by the way, in fact, the appellant called bonding company on the Wednesday, 08/06/11, to do his weekly reporting which bonding company showed no evidence, nor state of any non call-ins since appellant was originally on bond since 05/2011. This specific call to this bail bond was from appellant from his hotel room in Cancun. See Exhibit # 5 enclosed.

6

## GROUND 3

The trial court abused its discretion by allowing testimony that appellant declined officers request for a statement.

## ARGUMENT

(1) On the argument of this ground, it clearly shows that appellant invoked his 5th amendment right when he told investigator C. Fuentes: "He would not speak without his attorney present and his counsel "advised" him not to talk to Fuentes without counsel present. Investigator Therwhangers testimonial at trial should not have been admitted since appellant had already invoked his right against self-incrimination invoking his 5th amendment to Fuentes, see exhibit 4, last paragraph. The record should reflect that counsel for appellant was Ed Shelby since 6/2011; Therwhanger contacted appellant October or November or so 2011. C. Fuentes is a government official, therefore, it is Fuentes duty to impute a defendants 5th amendment once invoked to _every_ other state agent ; _Herrxl_ _v. State 86 S.W. 3d 621, 628-29 (Tex.Crim. App. 2002)_. Therwhanger intended to speak to appellant about extraneous offenses, not for the charge he is in custody for. This evidence of his silence was substantially harmful and provided the unfair and unjust outcome, _not_ in accordance with T.R.E 403. It is well settled that if a defendant testifies, his pre-arrest silence can be used to impeach him; _Jenkins v. Anderson 447 U.S. 231, 238-40, 100 S.Ct. 2124, 2129, 30, 65 L.Ed. 2d 86_ (1980). However, in this case, _appellant did not testify._

(2) Therefore, using the invokement and the protection of the federal protected right against appellant as is the 5th amendment, was _not only_ an abuse of discretion, but a violation of appellants due process rights as guarenteed by the united states constitution amendment 14. The state in return used Therwhangers attept to investigate appellants extraneous offenses against him, knowing perfectly well he was already protected by the 5th amendment.

7

(3)    WHEN THE STATE OFFERED THE APPELLANTS PRE-ARREST SILENCE AGAINST HIM TO MANIPULATE GUILT; SEE HENESSEY V. STATE 268 S.W.3d 153,161 (TEX. APP. WACO 2008), IT VIOLATED HIS 5th AMENDMENT RIGHT. NO COURT HAS YET DECIDED ON HENESSY ACCORDING TO THE 10th COURT-OF-APPEALS. IN APPELLANTS ISSUE, THERE IS NO QUESTION TO DECIDE BECAUSE C. FUENTES HAS STATED INTO THE RECORD THAT APPELLANT STATED TO HIM THAT APPELLANT WOULD TALK TO HIM WITH COUNSELS PRESENCE AND COUNSEL "ADVISED" APPELLANT NOT TO TALK TO C. FUENTES WITHOUT COUNSELS PRESENCE. EVEN AFTER APPELLANTS ARREST, C. FUENTES FAILED TO CONTACT HIM TO SEE IF HE HAD OBTAINED COUNSEL, AND TO PROCEED WITH WHATEVER FUENTES WANTED TO DISCUSS, AND THE REASON FUENTES DID NOT PERSIST IN THE ISSUE IS BECAUSE APPELLANT HAD INVOKED HIS FEDERAL PROTECTED AND EQUAL RIGHT WHICH IS TO REMAIN SILENT THEREFORE USING HIS SILENCE AFTER APPELLANT HAD INVOKED HIS CONSTITUTIONAL RIGHT, IS A DUE PROCESS VIOLATION BECAUSE ON ITS FACE AGAINST THE RIGHT TO THE ACCUSED CITED IN T.C.C.P. ART 1.05, TEX. CONST. ART 1 § 10 AND OF COARSE THE 5th AND 14th AMENDMENTS. FURTHERMORE, THE STATE HAS ERRONEOUSLY REBUTTED APPELLANTS POINT NO. 3 WITH SALINAS V. STATE 369 S.W.3d 176, 179 (TEX. CRIM. APP. 2012), AND SALINAS V. TEXAS 133 S.Ct. 2174, 2182, 83 (2013), Id AT OMINUS 133 S.Ct. 2183, 84. IN SALINAS, HE "NEVER" INVOKED HIS RIGHT TO REMAIN SILENT, "HE JUST KEPT SILENT", AND IN ORDER TO BE PROTECTED, A PERSON MUST INVOKE THE PROTECTION, HOWEVER, IT DOES NOT HAVE TO BE SPECIFICALLY SUCH AS TO SAY: "I AM INVOKING THE 5th", A SHOWING THAT A PERSON DESIRES TO REMAIN SILENT SHOULD BE SUFFICIENT AND OF COARSE, SALINAS CAN NOT CLAIM THAT HE INVOKED ANYTHING AS APPELLANT DID, SEE STATEMENT BY C. FUENTES AT STATES BRIEF (7); SALINAS NEVER SAID WHAT HE WANTED, ALBEIT, IN THIS CASE, THERE IS THE SUPPORTED MATERIAL EVIDENCE IN THE RECORD WHICH SHOWS CLEARLY AND STATED BY THE APPELLATE WOULD ONLY TALK TO C. FUENTES WITH COUNSEL PRESENT AND AS-

ADVISED BY COUNSEL, SEE APPELLANTS BRIEF PAGE (11), WHICH SAYS: C. FUENTES TESTIFIED THAT HE TOOK A STATEMENT FROM THE COMPLAINTANT, AND C. FUENTES ATTEMPTED TO TAKE A STATEMENT FROM APPELLANT, ACCORDING TO C. FUENTES REPORT, HE CONTACTED APPELLANT BY PHONE AND HE INITIALLY AGREED TO GIVE A STATEMENT, PROVIDED HIS LAWYER WAS PRESENT. THIS POINT WAS NOT MADE BY APPELLANT, BUT BY C. FUENTES HIMSELF, CLEARLY SHOWING THAT APPELLANT INVOKED HIS RIGHT TO SELF INCRIMINATION; IF THE ACCUSED BET ON T.C.C.P. ART. 1.05, IN U.S. V. GOODWIN 470 F.2d 893 (1972) (5th Cir); "IT IS AGREED BY ALL THAT A CLAIM OF THE PRIVELEGE DOES NOT REQUIRE ANY SPECIFIC COMBINATION OF WORDS." PLAINLY A WITNESS NEED NOT HAVE THE SKILL OF A LAWYER TO INVOKE THIS PROTECTION. IF AN OBJECTION TO A QUESTION IS MADE IN ANY LANGUAGE THAT A QUESTION MAY REASONABLY BE EXPECTED TO UNDERSTAND AS AN ATTEMPT TO INVOKE THE PRIVELEGE, IT MUST BE RESPECTED."

(4) THE U.S. CONST. AMEND. V IS A SACRED PRIVELEGE, AND IT IS NOT TO BE DEFILED BY REQUIRING USE OF A PASSWORD TO CROSS ITS PROTECTIVE PORTALS, [SUCH AS IN THIS CASE], IT'S INVOCATION NEED NOT TO BE RAUCOUSLY PROCLAIMED WITH ANY REQUISITE OF DECIBELS, IT IS ENOUGH IF THE PERSON HEARING THE TESTIMONY RECEIVES THE MESSAGE BY WHATEVER FORM OF TRANSACTION. IN BRUCK V. U.S. 223 F.2d 681, 685 (5th Cir. 1955), STATES THAT THIS COURT REQUIRES THAT BEFORE A MAN CAN BE COMPELLED TO TESTIFY AGAINST HIMSELF, HE MUST HAVE A FAIR CHANCE TO EXERCISE HIS RIGHT UNDER THE 5th AMENDMENT, AND IN QUINN V. U.S. 349, 155,142,164, 75 S. Ct. 668,673,74, 95 L.Ed. 964, 972,73 (1955), AS EVERYONE AGREES, NO RITUALISTIC FORMULA IS NECESSARY IN ORDER TO INVOKE THE PRIVELEGE, SEE ALSO SMITH V. U.S. 337 U.S. 137, 69 S. Ct. 1000, 93 L.Ed. 1204 (1949), SAYS; NO EVIDENCE OBTAINED DIRECTLY OR INDIRECTLY FROM THE COMPELLED TESTIMONY MAY BE USED AGAINST HER IN ANY CRIMINAL PROCEEDING.

(5) THE PROSECUTOR USED APPELLANTS SILENCE AGAINST HIM, PLEASE SEE STATES

9

RESPONSE TO APPELLANTS BRIEF PAGE 7; SAYS: C. FUENTES TESTIFIED THAT APPELLANT SUBSEQUENTLY INFORMED HIM THAT APPELLANT WOULD NOT GIVE ANY STATEMENT WITHOUT HIS LAWYER PRESENT, EXHIBIT #4 AND THAT HE WOULD CONTACT ME AT ANY TIME. THE EVIDENCE IN C. FUENTES REPORT WILL SHOW THE DATE APPELLANT CLAIMED HIS RIGHT TO SELF INCRIMINATION ON 4-6-11 AT 2 P.M. THEREFORE ANY STATEMENT BY OTHER OFFICERS IN ATTEMPT TO MAKE APPELLANT SPEAK BY HIMSELF WITHOUT HIS ATTORNEY PRESENT WOULD CONSTITUTE A VIOLATION OF HIS SELF INCRIMINATION RIGHT AND USING HIS INVOKED CONSTITUTIONAL RIGHT "SILENCE" AS IN SALINAS V. STATE 369 S.W. 3d 176 (TEX. CRIM. APP. 2012), IS A CLEAR ABUSE OF DISCRETION. SALINAS NEVER SAID ANYTHING TO INVOKE HIS RIGHT, SALINAS WAS SILENT, BUT APPELLANT INVOKED AND SPOKE AND SAID HE WOULD NOT SPEAK WITHOUT HIS ATTORNEY PRESENT, SEE T. C. C.P. 1.05.

(6) IT IS STATED AND REFLECTED BY THE EVIDENCE THAT APPELLANT DID CLAIM HIS PROTECTED RIGHT BEFORE HE WAS ARRESTED, SEE STATES RESPONSE TO APPELLANTS BRIEF WHICH SAYS: THER WHANGER SIMPLY TESTIFIED THAT SHE ATTEMPTED TO CONTACT APPELLANT AND THAT APPELLANT DECLINED TO SPEAK TO HER. SEE FUENTES REPORT PAGE 7 OF STATES OPINION; THERE IS NO EVIDENCE IN THE RECORD OF THE DATE APPELLATE WAS ARRESTED, HOWEVER, C. FUENTES TESTIFIED THAT HIS CONVERSATION WITH APPELLANT OCCURED PRIOR TO APPELLANTS ARREST. IN C. FUENTES REPORT BOTTOM OF FINAL PAGE, C. FUENTES CLEARLY WRITES THAT APPELLANT CONTACTED C. FUENTES 2-DAYS AFTER FIRST CONTACT, WHERE C. FUENTES SAYS: "APPELLANT CONTACTED ME AND SAID THAT HIS ATTORNEY "ADVISED" HIM NOT TO SPEAK TO ME WITHOUT HIM PRESENT."

(7) THE EVIDENCE SHOWS THAT APPELLATE IS RIGHT WHEN HE STATES IN HIS BRIEF THAT HIS SILENCE WAS PRE-ARREST, PRE-MIRANDA; MIRANDA V. ARIZONA 384 U.S. 436 (1966), NOW HERE IS THE POINT APPELLANT WANTS THE COURT TO UNDERSTAND, ACCORDING TO THE STATE, THEY HAVE STATED THAT THE COURT-OF—

18

CRIMINAL APPEALS AND THE SUPREME COURT OF THE UNITED STATES HAVE BOTH HELD THAT PRE-ARREST, PRE-MIRANDA SILENCE IS ADMISSABLE EVIDENCE AGAINST A NON-TESTIFYING DEFENDANT AS SUBSTANTIAL EVIDENCE OF GUILT, SALINAS V. STATE 369 S.W. 3d 176, 179 (TEX. CRIM. APP. 2012), aff'd SALINAS V. TEXAS 133 S.Ct. 2174, 2182, 83 (2013), A DEFENDANT MUST EXPRESSLY INVOKE HIS RIGHT AGAINST SELF INCRIMINATION, MERE SILENCE IS NOT ENOUGH, THE STATE IN THEIR CASE IS RELYING HEAVILY ON SALINAS, WHEN IN FACT, WHAT WE HAVE IS A TOKEN WITH 2-SIDES, IN SALINAS, THE RIGHT WAS NOT INVOKED. AS HAS BEEN STATED BY THE COURT, IF YOU WOULD REFER TO SALINAS @ 133 S.Ct. 2183-84, SALINAS SIMPLY REMAINED SILENT.

(8) FURTHERMORE, APPELLANT DID NOT EXPRESSLY SAY HE WAS DOING SO BASED ON THE 5th AMENDMENT, AND ACCORDING TO THE STATE, APPELLANT SIMPLY REMAINED SILENT, SALINAS Id @ 2182-84, SALINAS 369 S.W. 3d @ 179, ALBEIT, THE STATE HAS FRIVOLOUSLY TRIED TO FLIP THE COIN TO THE OTHER SIDE WITHOUT FLIPPING IT. IT'S CLEARLY THAT THE COURT HAS COMMITTED AN ABUSE OF DISCRETION. EXACTLY WHAT KIND OF LANGUAGE OR SECRET CODE IS APPELLANT SUPPOSED TO USE ? [I will talk to YOU WITH MY ATTORNEY PRESENT "AND" "MY ATTORNEY ADVISED" ME NOT TO TALK TO YOU WITHOUT HIM" SHOULD MOST DEFINATLY BE ENOUGH.] IN U.S. V. BURSON 952 F. 2d 1196 (10th Cir 1991), DID THE TESTIMONY OF (2) CRIMINAL INVESTIGATORS CONSTITUTE AN IMPERMISSABLE COMMENT ON HER U.S. V. McKINNELL 888 F. 2d 669, 676 (10th Cir 1989), THE GENERAL RULE OF LAW IS THAT ONCE A DEFENDANT HAS INVOKED HIS RIGHT TO REMAIN SILENT, IT IS "IMPERMISSABLE" FOR THE PROSECUTION TO REFER TO ANY FIFTH AMENDMENT RIGHT WHICH THE DEFENDANT EXERCISED, SEE GRIFFIN V. CALIFORNIA 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed. 2d 106 (1965). HOWEVER, IT IS REFLECTED BY THE RECORD THAT APPELLANT INVOKED HIS RIGHT TO REMAIN SILENT BEFORE HIS ARREST.

(9) THEREFORE, SALINAS 369 S.W. 3d 179 (Tex. Crim. App. 2012) AND SALINAS V. TEXAS 133. S.Ct. 2174, 2182, 83 (2013) DO NOT APPLY TO THE PRESENT CASE

16

AND THEREFORE, THE CONVICTION MUST BE VACATED OR REVERSED FOR A NEW TRIAL BECAUSE HAD THE PROSECUTOR NOT USED THE SILENCE OF APPELLANT AND COMMENTED ABOUT IT TO THE JURY, AND THE IMPROPER COMMENTS ABOUT APPELLANTS SILENCE BEING USED AGAINST HIM AS A SIGN OF GUILT, THE OUTCOME OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT. WHERE APPELLANT WAS ONLY EXERCISING WHAT THE UNITED STATES CONSTITUTION AND THE DUE PROCESS CLAUSE SAY IT IS HIS RIGHT TO HAVE. NOW THE STATE HAS FAILED TO STATE OR PUTOUT A "SPECIFIC" LANGUAGE THAT DEFENDANT(S) SHOULD USE WHEN INVOKING HIS FEDERAL EQUAL PROTECTED RIGHT TO SELF INCRIMINATION. PLEASE REFER TO; U.S. V. GOODWIN 470 F.2d 843 (1972 5th Cir.): "IT IS AGREED BY ALL THAT A CLAIM OF THE PRIVELEGE DIES NOT REQUIRE ANY SPECIFIC COMBINATION OF WORDS, PLAINLY) A WITNESS NEED NOT HAVE THE SKILL OF A LAWYER TO INVOKE THE PROTECTION OF SELF-INCRIMINATION CLAUSE; SEE THE 5th AMENDMENT TO THE UNITED STATES CONSTITUTION AS WELL AS THE 14th AMENDMENT.

(10) HENCE, BECAUSE OF THE CONSTITUTIONAL ERRORS MADE BY THE TRIAL COURT, THE APPELLANTS ATTORNEY, AND THE PROSECUTOR, THIS HONORABLE COURT IS REQUESTED FROM THE HEART FROM THE APPELLANT THAT THIS COURT MUST REVERSE OR VACATE THE JUDGMENT OF CONVICTION PURSUANT TO RULE 44.2 (9) TEXAS RULES of APPELLATE PROCEDURE, OR AT LEAST, IN THE INTEREST OF JUSTICE, REMAND FOR A NEW TRIAL.

12

# GROUND 4

## INEFFECTIVE ASSISTANCE OF COUNSEL

### ARGUMENT

(1) IT IS STATED IN ROSE 141 F. SUPP 2d 661 (2001) THAT: THE PRESENCE OR ABSENCE OF PREJUDICE, BOTH WITH RESPECT TO CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL AT THE TRIAL AND APPELLATE LEVEL HINGES UP ON THE FAIRNESS OF THE TRIAL AND THE RELIABILITY OF THE JUDGMENT OF CONVICTION RESULTING THEREFROM. I.D. AT 212. IN THE PRESENT CASE, BOTH COUNSELS HAVE FAILED TO SATISFY THE 6th AMENDMENT REQUIREMENT WHICH TO PROVIDE EFFECTIVE ASSISTANCE OF COUNSEL, ALBEIT, APPELLATE COUNSEL HAS FILED INEFFECTIVE ASSISTANCE CLAIM ON TRIAL COUNSEL, ON (7) ISSUES AND (5) PARAGRAPHS. HE HAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL HIM-SELF, FOR NOT CHALLENGING THE SUFFICIENCY OF EVIDENCE ON DIRECT APPEAL KNOWING THAT IT IS APPELLANTS ONLY CHANCE TO ATTACK THE SUFFICIENCY OF EVIDENCE, BECAUSE A HABEAS PETITIONER CAN NOT ATTACK THE SUFFICIENCY OF EVIDENCE ON HABEAS REVIEW, THEREFORE, HE HAS BEEN CONSTITUTIONALLY INEFFEC-TIVE. EVEN TRIAL COUNSEL STATED THAT ONE OF THE REASONS FOR A NEW TRIAL ON APPEAL WAS THE SUFFICIENCY OF EVIDENCE, "WHICH BY THE WAY IS SO CONTRARY TO THE JUDGMENT AND JUSTICE."

(2) APPELLATE COUNSEL HAS BEEN UNTRUTHFUL IN THE RECORD, IF YOU SEE PAGE [14] OF APPELLATES BRIEF ON PARAGRAPH #7, HE STATED: AFTER THE TRIAL COURT EXCLUDED CERTAIN EVIDENCE OFFERED BY THE DEFENSE, COUNSEL FAILED TO MAKE AN OFFER OF PROOF, TO ESTABLISH THE NATURE AND ADMISSIBILITY OF THIS TENDERED EVIDENCE INCLUDING:

   (A) ALLEGED POSTINGS BY COMPLAINANT ON FACEBOOK (13 RR @ 103);

   (B) ALLEGED POSTINGS BY COMPLAINANTS BROTHER ON FACEBOOK (13 RR @ 202);

   (C) AN INCIDENT INVOLVING COMPLAINANT TOUCHING APPELLANTS BUTTOCKS WITH HER FOOT (13 R.R. @ 81);

18

(D) THE TESTIMONY OF DR. JARVIS WRIGHT, PH.D. (14 RR @ 105-124);

(E) A RECORDED JAIL PHONE CALL BETWEEN APPELLANT AND WITNESS ALBERT PALMER WHICH COUNSEL OFFERED IN ITS ENTIRETY (14 RR 102);

(3)    NOW, IT IS CLEARLY THAT APPEAL COUNSEL HAS FAILED TO REVIEW THE RECORD, ACCORDING TO THE APPELLANTS MEMORY DUE TO DENIAL OF TRANSCRIPTS FROM APPEALATE COUNSEL, "AT NO TIME" DID DEFENSE COUNSEL OFFER OR PRESENT EVIDENCE OF A PHONE CALL BETWEEN DEFENDANT AND WITNESS, MR. ALBERT PALMER. IN ADDITION, THE TRIAL JUDGE ALLOWED THE PROSECUTOR, MRS. LAURA WOOLF, TO TAKE MR. PALMER OUT OF THE COURT ROOM DURING A LUNCH BREAK TO SOME ROOM SO THE PROSECUTOR AND MR. PALMER COULD LISTEN TO THE RECORDED JAIL PHONE CALL IN QUESTION. BY THE WAY, THE RECORD SHOULD REFLECT THAT THIS EVIDENCE WAS TURNED AROUND OF ITS TRUE CONTENTS BY THE PROSECUTOR, AND SAID PHONE CALL WAS KEPT FROM THE JURY'S EARS BECAUSE THE PROSECUTOR CONCEALED IT INTENTIONALLY, THEREFORE VIOLATED HER PRIMARY DUTY CITED IN TEX. CODE CRIM. PROC. ART 2.01, WHERE IT CLEARLY STATES THAT: "IT SHALL BE THE PRIMARY DUTY OF ALL" PROSECUTING ATTORNEYS, INCLUDING SPECIAL PROSECUTORS 'NOT TO' CONVICT, BUT TO SEE THAT JUSTICE IS DONE, THEY SHALL NOT, SUPPRESS FACTS OR SECRETE WITNESSES CULPABLE OF ESTABLISHING THE INNOCENCE OF THE ACCUSED, HERE, THE PROSECUTOR WITHHELD FAVORABLE EVIDENCE THAT IF PRESENTED WOULD HAVE MADE THE DIFFERENCE IN THE OUTCOME AS REQUIRED BY BRADY V. MARYLAND 373 U.S. 83, 83 S. CT. 1164 (1963), BUT, DEFENSE COUNSEL NEVER PUSHED FOR SAID PHONE CALL OR TESTIMONY WHICH FALLS UNDER EX-PARTE COMMUNICATIONS PERMITTED BY THE TRIAL JUDGE, ALBEIT, DEFENSE COUNSEL FAILED TO PUSH FOR SAID EVIDENCE TO BE OFFERED TO THE JURY TO SHOW THAT APPELLANT WAS NOT TRYING TO COERCE ANYONE NOR HAVE THE ALLEGED VICTIM TO RECANT, AS THE PROSECUTOR MADE IT SOUND, THE PHONE CALL WOULD HAVE CLEARED THE ISSUE AND PROVED DIFFERENT BUT ONLY IF THE PROSECUTOR WOULD NOT HAVE

14

VIOLATED HER PRIMARY DUTY AND THE DUE PROCESS OF THE ACCUSED BY THE INTENTIONAL WITHHOLDING OF MATERIAL EXCULPATORY EVIDENCE IN FAVOR OF THE ACCUSED, 30, PLEASE SEE EXHIBIT #1, IT IS AN AFFIDAVIT PROVIDED BY MR. PALMER WHICH SPEAKS OF THE FACTS, ACTIONS, AND THE ABUSE OF THE PROSECUTOR TOWARD A FAVORABLE WITNESS THAT COULD NOT BE CONFRONTED WITH THE TRUTH IN ACCORDANCE TO THE 5th AMENDMENT AND THE CONFRONTATION CLAUSE. HAD TRIAL COUNSEL INVESTIGATED AND SPOKE TO MR. MUÑOZ MORE THAN JUST 45 MINUTES ONE TIME THE FRIDAY BEFORE TRIAL AND MR. PALMER AND LEARN THE FACTS OF THE CASE, COUNSEL COULD HAVE OFFERED AS MATERIAL EVIDENCE, BUT DUE TO HIS LACK OF INTEREST AND INVESTIGATION, IT WAS NOT POSSIBLE, IN _POWELL V. ALABAMA 287 U.S. 45, 53 S.Ct. 57, L.ED 158_ (1932); IT HAS BEEN CLEARLY STATED THAT: IF THE FOUNDATION OF THE ACCUSED CASE HAS NOT BEEN BUILT THROUGH AN INVESTIGATION, THEN THE CONSTITUTIONAL RIGHTS OF THE ACCUSED HAVE BEEN VIOLATED, ALBEIT: APPELLATE COUNSEL HAS OFFERED THIS POINT AS TRUE, HE HAS FAILED TO REVIEW THE RECORD, DUE TO THE FACT THAT IT SEEMS THAT NO WHERE IN THE RECORD SHOULD REFLECT THAT TRIAL COUNSEL OFFERED A RECORDED JAIL PHONE CALL ENTIRELY, SEE EXHIBIT #1 FOR THIS POINT, BOTH COUNSELS HAVE MET THE (2) PRONGS OF _STRICKLAND V. WASHINGTON 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674_ (1984), AND BOTH HAVE VIOLATED THE 6th AMENDMENT OF THE UNITED STATES CONSTITUTION, ART 1 § 10, SEE ALSO T.C.C.P. ART 1.05 AND 1.051, BECAUSE BOTH COUNSELS PERFORMANCE HAVE BEEN UNDISPUTABLEY DIFFICIENT IN THE FACE OF THE RECORD... FURTHERMORE, IN _JOHNSON V. STATE 172 S.W. 3d 6_; MISLEADING AND BELATED PRODUCTION OR LACK OF WITHOUT OBJECTION BY COUNSEL OF RECORDING UNDERMINE A FAIR TRIAL; ALSO; "UNITED STATES SUPREME COURT EMPHISIZES THIS DUTY TO OBTAIN AND REVIEW RELEVANT MATERIAL... _ROMPELLA V. BEARD 125 S.Ct. 2456_ (2005).

15

(4) APPELLANT HOWEVER UNDERSTANDS THAT THIS GROUND IS AGAINST TRIAL COUNSEL, BUT, WHEN BOTH COUNSELS HAVE PROVIDED INEFFECTIVE REPRESENTATION, EITHER BY THE FILING OF PAPERS OR DEFFICIENT PERFORMANCE AT TRIAL, THE COURT-OF-CRIMINAL APPEALS AND ANY APPEALS COURT SHALL TEST AND BALANCE THE EVIDENCE, IN U.S. V. CRONIC, THE COURT ADOPTED A (5) FIVE CRITERIA; [1] THE TIME AFFORDED TO INVESTIGATE AND PREPERATION; [2] THE EXPERIENCE OF COUNSEL; [3] THE GRAVITY OF THE CHARGE; [4] THE COMPLEXITY OF POSSIBLE OFFENSES AND [5] THE ACCESSABILITY OF WITNESSES TO COUNSEL; SEE CRONIC V. U.S. 466 U.S. 648, 80 L.Ed.2d 657; 104 S.Ct 2034. HOWEVER APPLICANT PRAYS THIS CRITERIA CAN OR WILL BE ADOPTED BY THIS COURT TO CONCLUDE IF TRIAL COUNSEL(S) MET THE STRICKLAND STANDARDS OF REASON-ABLENESS, DIFFICIENT AND PERFORMANCE... DUE TO TRIAL COUNSEL NOT BEING PREPARED TO GO TO TRIAL, HE HAD NOT SPOKEN TO THE WITNESSES THE DEFENDANT PROVIDED; SUCH AS, (A) ELIZABETH KUZMICH (B) COMPLAINING WITNESS, MARYANN KUZMICH, (C) MR. ALBERT PALMER, (D) OR THE OTHER ALLEGED VICTIM, A.H, WHOM WAS ALLOWED TO TESTIFY FOR THE STATE, THEN THE STATE DISMISSING SAID CHARGE AFTER A.H TESTIMONIAL... COUNSEL ALSO FAILED TO CONTACT THE OFFICERS INVOLVED AND ALLOWED THE PROSECUTOR TO COMMENT ABOUT APPELLANTS SILENCE, IT'S CLEAR THAT WHEN THE DEFENDANT WAS CONFRONTED BY THE ADVOCACY OF THE PROS-ECUTOR, THAT TRIAL COUNSEL WAS NOT READY TO DEFEND DEFENDANT. IT IS ALSO STATED IN CRONIC THAT THE PRESUMPTION OF COUNSELS ASSISTANCE IS ESSENTIAL, REQUIRES THE CONCLUSION THAT A TRIAL IS UNFAIR IF THE ACCUSED IS DENIED AT "ANY" CRITICAL STAGE OF HIS TRIAL.

(5) ON THE OTHER (6) POINTS, APPEAL COUNSEL RAISED, HE IS RIGHT ABOUT TRIAL COUNSEL THAT HE SHOULD OF REQUESTED A BALANCING TEST PROCESS, ESPECIALLY

16

ABOUT PARAGRAPH (1), KUZMICH'S CONVICTION FOR HINDERING APPELLANTS APPREHENSION... NO WHERE IN THE RECORD DOES IT SHOW A CHARGE OF EVADING ARREST OR ESCAPING OR THAT APPELLANT WAS EVER SEEN OR FOUND AT KUZMICHS HOME DURING THIS EPISODE, HOWEVER, THE CHARGE AROSE OUT OF ANOTHER CHARGE WHICH INCLUDED A DIFFERENT ALLEGED VICTIM, SEE CAUSE NO. C.R. 39,575... SAID CHARGE WAS DISMISSED BY THE STATE, YET ELIZABETH KUZMICH WAS STILL ON PROBATION FOR A CHARGE THAT WAS DISMISSED. NOW TRIAL COUNSEL SHOULD HAVE USED THE EVIDENCE OF SAID ACCUSATION TO PROVE THAT NO CRIME HAS BEEN COMMITTED, OR APPEAL COUNSEL. SEE MEDICAL REPORT HEREIN ATTACHED AS EXHIBIT #2, BUT NEITHER COUNSEL CHALLENGED THIS EVIDENCE WHICH WAS DENIED TO BE INTRODUCED BY THE JUDGE EVEN AFTER A.H. WAS ALLOWED TO TESTIFY IN PRESENT CASE. AT NO TIME DID ELIZABETH KUZMICH HINDER DEFENDANT AT HER HOME NOR AVOID APPREHENSION, SUCH AS THE STATE FALSLY CHARGED MRS. KUZMICH, ELIZABETH. THEREFORE, COUNSEL FAILED TO HOLD THE PROSECUTION TO A MEANINGFULL ADVERSARIAL TESTING MAKING THE AD-VERSARY PROCESS PRESUMPTIVELY UNRELIABLE. SEE CRONIC V. U.S. 466 U.S. 648, 80 L.Ed 2d 657, 104 S.Ct. 2039 (1984). ONLY WHEN SURROUNDING CIRCUMSTANCES JUSTIFY A PRESUMPTION OF INEFFECTIVE ASSISTANCE OF COUNSEL CAN A 6th AMENDMENT CLAIM BE SUFFICIENT WITHOUT INQUIRY INTO COUNSELS ACTUAL PERFORMANCE AT TRIAL, THE SPECIAL VALUE OF THE RIGHT TO THE ASSISTANCE OF COUNSEL EXPLAINS WHY IT HAS BEEN LONG REC-OGNIZED THAT THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL McMANN V. RICHARDSON 397 U.S. 759, 771 n.14, 25 L.Ed 763, 90 S.Ct. 1441 (1970), THE TEXT OF THE SIXTH AMENDMENT ITSELF SUGGEST AS HOW MUCH THE AMENDMENT REQUIRES, NOT MERELY THE PROVISION OF COUNSEL TO THE ACCUSED, BUT "ASSISTANCE" WHICH IS TO BE FOR HIS DEFENSE, THUS THE CORE PURPOSE OF

17

COUNSEL GUARENTEED WAS TO ASSURE ASSISTANCE AT TRIAL WHEN THE ACCUSED WAS CONFRONTED WITH BOTH THE INTRICACIES OF THE LAW AND THE ADVOCACY OF THE PUBLIC PROSECUTOR, UNITED STATES V. ASH 413 U.S. 300, 309, 37 L.Ed 2d 614, 93 S.Ct 2568 (1973), IF NO ACTUAL ASSISTANCE FOR THE ACCUSED DEFENSE IS PROVIDED, THEN THE CONSTITUTIONAL RIGHT GUARENTEE HAS BEEN VIOLATED.

(6) HAS COUNSEL INVESTIGATED AND PREPARED WITNESSES SUCH AS ELIZABETH KUZMICH, ALBERT PALMER, THE DEFENDANT, THE ACCUSING WITNESS, POLICE OFFICERS, ETC... AND HAD TRIAL COUNSEL NOT ALLOWED THE STATES PROSECUTOR TO WITHHOLD EVIDENCE AND WITNESSES FROM THE DEFENSE, THE OUTCOME WOULD HAVE BEEN DIFFERENT.

(7) TRIAL COUNSELS FRAUDULENT CONCEALMENT OF MATERIAL EVIDENCE, PROVIDED AN UNJUST OUTCOME, AND HIS FAILURE TO EXECUTE ANY INVESTIGATION IN THE CASE PROVIDED THE UNJUST RESULT AND THE UNFAIRNESS IN JUSTICE APPELLANT WAS DEALT AND BECAUSE TRIAL COUNSEL FORGOT THAT THE UNIVERSAL PROCESS PROTECTED BY THE 5th AMENDMENT REQUIRES THAT THE ACCUSED HAVE COUNSEL ACTING IN THE ROLE OF AN ADVOCATE, SEE ANDERS V. CALIFORNIA 386 U.S. 738, 743, 18 L.Ed 2d 493, 87 S.Ct 1396 (1967), THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IS THE RIGHT OF THE ACCUSED TO REQUIRE THE PROSECUTIONS CASE TO SURVIVE THE SCRUTINY OF MEANINGFUL ADVERSARIAL TESTING, WHEN A TRUE ADVERSARIAL CRIMINAL TRIAL HAS BEEN CONDUCTED, EVEN IF DEFENSE COUNSEL MAY HAVE BEEN MADE DEMOSTRABLE ERRORS, THE KIND OF TESTING ENVISIONED BY THE (6) SIX AMENDMENT HAS OCCURED, BUT IF THE PROCESS LOSES CHARACTER AS A CONFRONTATION BETWEEN ADVERSARIAL [SUCH AS IN THE PRESENT CASE] THE CONSTITUTIONAL GUARENTEE IS - - -

18

IS VIOLATED. THEREFORE, HAD TRIAL COUNSEL HELD THE STATE TO ADVERSARIAL TESTING IN THE EVIDENCE OR CHALLENGED THE SUFFICIENCY OF THE SAME, SEE TEX. RULES OF EVIDENCE 403, OR REQUIRED THE TRIAL COURT TO ENGAGE IN THE BALANCING PROCESS; THE OUTCOME OF THE PROCEEDING WOULD HAVE DIFFERENT AND THERE IS A STRONG PROBABILITY THAT HAD COUNSEL ACTED AS ADVERSARY AND NOT AS A FRIEND OF THE COURT, THE OUTCOME WOULD HAVE BEEN DIFFERENT, ALSO, HAD TRIAL COUNSEL BASED THE ENTIRE CASE ON A SOLID FOUNDATION AS INVESTIGATION AS CITED IN POWELL V. ALABAMA 287 U.S. 45-53, S.CT 57, L.Ed. 158, (1932), THE CONSTITUTIONAL RIGHTS OF THE ACCUSED TO EFFECTIVE ASSISTANCE OF COUNSEL WOULD NOT HAVE BEEN VIOLATED.

(8) IF COUNSEL WOULD HAVE INVESTIGATED OR DILEGENTLY READ THE RECORD, HE WOULD HAVE KNOWN THAT APPELLANT CLEARLY INVOKED HIS 5th AMENDMENT TO INVESTIGATOR C. FUENTES ON 4-6-11, THEREFORE, HE FAILED TO OBJECT TO THE IMPROPER IMPERMISSIBLE COMMENTS MADE BY THE PROS-ECUTOR DURING TRIAL ABOUT APPELLANTS SILENCE, THEREFORE, NOT ACKNOW-LEGING THAT THE APPELLANT WAS DEPRIVED OF THE FEDERAL CONSTITUTIONAL PROTECTED RIGHT TO BE EFFECTIVELY REPRESENTED BY COUNSEL WOULD BE CONSIDERED A FUNDAMENTAL MISCARRAGE OF JUSTICE, BECAUSE APPELLANT IS IN CUSTODY IN VIOLATION OF THE LAWS OF THE COMMON WEALTH AND IN VIOLATION OF THE LAWS OF THE CONSTITUTION OF THE UNITED STATES AND HAD HE NOT DEPRIVED, BEEN DEPRIVED, OF HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL, THERE IS A TREMENDOUS PROBABILITY THAT NO REASONABLE JUROR OR FACT FINDER WOULD OF FOUND HIM GUILTY OF THE UNDERLYING OFFENSE BEYOND A REASONABLE DOUBT.

## PRAYER FOR RELIEF

For the reasons stated within, it is respectfully submitted that the Court-of-Criminal Appeals of Texas should grant this petition for Discretionary Review — In Jesus Name!

RESPECTFULLY SUBMITTED

_Robert Munoz_
Robert Munoz
No. 01859917
Stevenson Unit
Cuero, Tx. 77954
25 Sept 15

---

## Certificate of Service

The undersigned Appellant hereby certifies that a true and correct hand written copy of the foregoing Petition for Discretionary Review has been mailed, U.S. mail, postage prepaid, to the office of the clerk of the 11th Court-of-Appeals, Eastland County, Texas on or about this 25th day of Sept. 2015.

_Robert Munoz_
Appellant Pro-Se

AFFIDAVIT OF TRUTH

EXHIBIT #1

\* \* \* \* \* \* \*

STATE OF TEXAS          §

                  §       SCILICET

COUNTY OF MIDLAND, TX      §

\* \* \* \* \* \* \*

"Indeed no more than affidavits are necessary
to make Prima Facie Case", United States-v-
Kis, 685 F.2d 526, 536 (7th Cir. 1981), 50
U.S.L.W. 2169; S. Ct. March 22, 1982.

The undersigned affiant, Albert A. Palmer, hereinafter Affiant, does solemnly swear, declare, and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has personal knowledge of the facts stated herein.
3. All the facts stated herein are true, correct, and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.
4. The purpose of this Affidavit is not to intimidate, harass, or cause problems in any way, but, only to be used in an Evidentiary Hearing upon Bench Warrant.

PLAIN STATEMENT OF FACTS

When I was on the witness stand, during Robert Munoz's Trial No. CR38.946. The following questions and answers occurred between the prosecutor, Mrs. Laura Nodolf and I, to the best of my knowledge as follows:

NODOLF: "Mr. Palmer. Isn't it true, that during one of your conversations with Mr. Munoz while Mr. Munoz was in jail [at Midland County, Texas], Mr. Munoz asked you to have Elizabeth Kuzmich [the alleged victim, Maryann Kuzmich's mother], recorded so that Maryann could recant"?

MR. PALMER: "No Ma'am".

NODOLF: "Mr. Palmer, [at this point, Nodolf pulls out a CD that the defense did not know existed, without objection by defense counsel, Mr. Wayne Frost]. I have a recording between you and Mr. Munoz, would you like to hear it?"

MR. PALMER: "Yes Ma'am".

JUDGE: "How long will it take to listent to the CD?"

NODOLF: "Your Honor, it's almost lunch time, [it's about 11:35 a.m. or so). I can take Mr. Palmer to my office during lunch and allow Mr. Palmer to listen to the [recorded jail phone call], CD there."

JUDGE: "OK, we we'll do that!"

NOTE: What Mr. Munoz asked me to do is to have Elizabeth record Maryann to "Re-Admit", that Robert Munoz never touched her, since Maryann had told Elizabeth in the past and before trial, that, Mr. Munoz never touched Maryann .... So, Mrs. Nodolf took me to a room so she and I could listen to the recorded jail phone call between Mr. Munoz and me.

I believe, I remember Mrs. Nodolf said she could charge me with something or hold me in contempt for denying the conversation. I don't believe I was denying a conversation with Mr. Munoz, I believe I was denying what Mrs. Nodolf was alleging, that Mr. Munoz wanted me to get Elizabeth Kuzmich to record Maryann to allegedly "Recant", when Mr. Munoz was actually acking me to have Elizabeth Kuzmich record Maryann to "Re-Admit" that

EXHIBIT #1

If this CD, that was brought out in Court by Mrs. Nodolf would be listened to in its entirety, I believe the truth of Mr. Munoz's intentions to get Mary-ann Kuzmich to re-admit, Mr. Munoz never touching Maryann, not Mr. Munoz ever asking Maryann Kuzmich to "Recant", as Mrs. Nodolf allured in front of the judge, jury and the entire court.  This should all be in the trial transcripts during my testimonial and cross-examination by the State - Mrs. Nodolf.  To the best of my knowledge, I don't believe anyone else was allowed or heard the true contents of the recorded jail phone call between Mr. Munoz and Me.

Albert A. Palmer

* * * * * *

STATE OF TEXAS §

COUNTY OF _ECTOR_ §

* * * * * * *

NOTARY

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me on this _5TH_ day of _SEPTEMBER_, 2015.

NOTARY FOR THE STATE OF TEXAS

My Commission Expires: _FEBRUARY 03, 2015_



CLEO PATRA SOTO
Notary Public, State of Texas
My Commission Expires
February 03, 2018



EXHIBIT #2

# Memorial Hermann Health System
# Forensic Nursing Services

Hulsey, Alyssa
DOB: 7/15/2002
CSH: 11057
LE: 1108-16024

## Medical History and Review Of Systems

Persons present (besides patient and nurse examiner) during ☐ Medical history ☐ Physical exam    X none
☐ Other: _____

Primary Care Physician: __Dr Billal_

Previous hospitalizations/surgery/trauma (Describe): __None__

## Are Siblings in the home at risk?

| ☐ YES | X NO |
|-------|------|

**Physical Symptoms/History:**  X None or Check all that apply.  If yes, indicate duration and other details.

| | Y | N | Unk | Comment |
|---|---|---|---|---|
| Abdominal/pelvic pain | ☐ | X | ☐ | |
| Vomiting | ☐ | X | ☐ | |
| Genital discomfort/pain | ☐ | X | ☐ | |
| Dysuria | ☐ | X | ☐ | |
| Urinary Tract Infection | ☐ | X | ☐ | |
| Enuresis | ☐ | X | ☐ | |
| Encopresis | ☐ | X | ☐ | |
| Vaginal itching/Penile irritation | ☐ | X | ☐ | |
| Vaginal/Penile discharge | ☐ | X | ☐ | |
| Vaginal/Penile bleeding | ☐ | X | ☐ | |
| Rectal Pain | ☐ | X | ☐ | |
| Rectal Bleeding | ☐ | X | ☐ | |
| Constipation | ☐ | X | ☐ | |
| Diarrhea | ☐ | X | ☐ | |

**Behavioral/Emotional Symptoms:**  Check all that apply.  If yes, indicate duration and other details.

| | Y | N | Unk | Comment |
|---|---|---|---|---|
| Sleep disturbances | ☐ | X | ☐ | |
| Eating problems | ☐ | X | ☐ | |
| School problems | ☐ | X | ☐ | |
| Sexual acting out | ☐ | X | ☐ | |
| Fear | ☐ | X | ☐ | |
| Anger | X | ☐ | ☐ | Fighting on school bus per father |
| Signs of depression/Self injury | ☐ | X | ☐ | |
| Suicide attempts/ideations | ☐ | X | ☐ | |
| Runaway | ☐ | X | ☐ | |
| Other symptoms | ☐ | X | ☐ | |

Jamie Ferrell BSN, RN

46

EXHIBIT #2

# CHILDREN'S SAFE HARBOR
## REFERRAL FORM

| Date Referred: 11/1/2011 | Referred by: ☐CSH Staff ☒LE ☐CPS | Name: Kay Therwhanger |
|---|---|---|

☐Counseling  ☐Family Advocate Program  ☒Sane Exam

*Kay Therwhanger*
Law Enforcement Officer Signature to Authorize Exam

### Child/Caregiver Information

☐Spanish Speaking

| Child's Name: | Alyssa Hulsey | | Age: | 9 | DOB: | 7/15/2002 | ☐M ☒F |
|---|---|---|---|---|---|---|---|
| Child's SSN: | | | Ethnicity: ☒W ☐H ☐B ☐A ☐Multi ☐Other | | | | |
| Sexually Acting Out Behaviors: ☐Y ☐N | | Physical or Mental Conditions (specify): | | | | | |
| Parent/Guardian Name: | Brett Hulsey | | Age: | 42 | DOB: | 9/18/1969 | ☒M ☐F |
| Child Residing With: | Brett Hulsey | | Relationship to Victim: | | Father | | |
| Address: | 1904 Miranda Drive | | | | | | |
| City/State/Zip: | Cleveland, TX 77328 | | | | | | |
| Home Phone: | 832-294-3705 | Cell Phone: | | Work Phone/Ext: | | | |

### Referral Summary

| AP's Name: | Robert Munoz | | Age: | 40 | DOB: | unknown | ☒M ☐F |
|---|---|---|---|---|---|---|---|
| Relationship to Victim: | Known Unrelated | | | Has AP Been Arrested: ☐Y ☒N | | | |

| Date of Forensic Interview: 8/24/2011 | Date of Incident: 5/1/2011 |
|---|---|

| Confirmed Outcry: ☒Y ☐N ☐Unknown | Type of Abuse: ☒Sexual ☐Physical ☐Other Please Specify: |
|---|---|

Type of Sexual Abuse:  ☐Exposure  ☐Pornography  ☒Fondling: ☐Over Clothes ☒Under Clothes

Penetration: ☒Digital ☐Oral ☒Anal ☒Vaginal    ☐One Time Occurrence  ☒Multiple Occurrences

Case Summary: Alyssa said that she would spend the night at her friend's house that her dad would touch her on her "private area". She said that he would put his finger into her "private area". She said that it happened four different times. She said she told her mother about it but her mother did not call the police. The child is living with her father. The incident occurred in Midland, TX

| CPS Agency/County: | | LE Agency/County: Midland PD | |
|---|---|---|---|
| CPS Case #: | | Law Enforcement Case #: | 1108-16024 |
| CPS Caseworker: | | Law Enforcement Officer: | Kay Therwanger |
| Cell Phone #: | | Cell Phone #: | |
| Office Phone #: | | Office Phone #: | 432-685-7171 |
| Fax #: | | Fax #: | |

### CSH Use Only

| Date Referral Received: | Date Approved: | Approved By: | Assigned To: |
|---|---|---|---|
| Location of Services: ☐Conroe ☐Coldspring ☐Huntsville ☐Magnolia ☐Montgomery ☐Willis | | | |

Appointment Date (Caregiver – Child HX): _____  Time: _____

Appointment Date (Child Intake): _____  Time: _____

57

EXHIBIT #2

# STEP 2    SEXUAL ASSAULT EXAMINATION FORENSIC REPORT FORM

Please print legibly. To be filled out with medical information gathered from the patient. Please inform the patient that, should the case go to court, it may be necessary to gather additional evidence at a later time. Please fill all spaces with information or N/A.

Name: _____ Alyssa Hulsey _____ DOB: 07/15/02 __ Sex: Female __ Race: Caucasian

Address: 1904 Miranda Drive Cleveland, Texas 77328 _____ Phone: (832) 294-3705

Patient Brought in by: Brett Hulsey _____ Agency or Relationship of Escort: Father

Hospital Number: **CSH # 11057** _____ Law Enforcement Case Number: 1108-16024

Exam Date: _____ 11/02/11 _____ Beginning Time of Exam: 13:10

VITAL SIGNS: Time 13:10 __ Temp 98 __ Pulse 84 __ Resp 16 __ B/P 102/60

Known Allergies: None

Current Medications: Vitamins

**HISTORY OF ASSAULT:** (Patient's description of pertinent details of the assault—if known by patient, such as: orifice penetrated, digital penetration or use of foreign object, oral contact by assailant, oral contact by patient)

> Patient states "My friends Dad touched me where I didn't want to be touched. His name is Robert Munoz. He touched my peepee with his fingers. (patient points to female genitalia). Then he would put his fingers (inside) my peepee. It happened 4 times when living with my Mom."

Date of Assault: **multiple** Time of Assault: **varied** Number of Assailants: 1

last at end of school 2011

Prior to evidence collection, patient has: **No Collection**

☐ Douched  ☑ Wiped/Washed  ☑ Bathed  ☑ Showered  ☑ Urinated  ☑ Defecated  ☐ Vomited
☑ Had Food or Drink  ☑ Brushed Teeth or Used Mouthwash  ☑ Changed Clothes  ☐ Smoked
☐ Other _____  ☐ None of the Above

At time of assault, was:

Contraceptive foam or spermicide present?  ☐ Yes ☑ No ☐ Unknown  } *only history of digital penetration*

Lubricant used by assailant?  ☐ Yes ☑ No ☐ Unknown

What kind? _____

Condom used by assailant?  ☐ Yes ☐ No ☐ Unknown

Tampon present during assault?  ☐ Yes ☐ No ☐ Unknown  } *N/A pre-pubescent*

Patient menstruating?  ☐ Yes ☑ No ☐ Unknown

Assailant injured during assault?  ☐ Yes ☑ No ☐ Unknown  *ALLEGEDLY PENETRATED?*

If known, where _____

Was there penetration?  ☐ Oral ☑ Female Sexual Organ ☐ Anus ☐ Unknown  } *only gives history of digital penetration?*

Did ejaculation occur?  ☐ Oral ☐ Female Sexual Organ ☐ Anus ☐ Unknown

Did ejaculation occur?  ☐ Other (specify) _____

At time of exam, was tampon present?  ☐ Yes ☑ No

Menstruation at time of exam?  ☐ Yes ☑ No

When was the patient's most recent sexual contact with a male up to 1 week prior to the assault? N/A

Race of that individual? N/A

If the response is less than 48 hours, inform the patient of the possibility that blood and fluid samples may be requested from that individual at a later time.

_Jamie Ferrell BSN RN_

Signature of Examiner

Hulsey, Alyssa
DOB: 7/15/2002
CSH: 11057
LE: 1108-16024

*Memorial Herm*ann
Forensic Nursing Services

43

EXHIBIT #2

## STEP 2 SEXUAL ASSAULT FORENSIC EXAMINATION
### Page 2

Hulsey, Alyssa
DOB: 7/15/2002
CSH: 11057
LE: 1108-16024

**Significant Past Medical History:**

Last normal menstrual period: Pre-pubescent     Vaginal tampons used in past? N/A

Contraceptives used: N/A

Genital surgical procedures: None per father

General Appearance: (behavior, affect) Quiet, looking down, answers questions when asked, then became

→ inquisitive about surroundings ← *NORMAL?*

**Body Surface Injuries:** (Include all details of trauma: i.e. abrasions, bitemarks)   *look!*

☑ No body surface injuries noted.

_____

_____

_____

**Body Surface Diagrams:** Document injuries and observations on the attached body diagrams.

**Genital Examination:**     Tanner Stage  ☐1 ☑2 ☐3 ☐4 ☐5   *WHATS TANNER?*

| | |
|---|---|
| Labia Majora | No trauma noted |
| Labia Minora | No trauma noted |
| Hymen | No trauma noted  *– WAS IT PRESENT? SHOULD BE.* |
| Vagina | Not visualized  *– WHAT ✗ PG 43 -DIGITAL PENETRATION !* *HISTORY* |
| Cervix | Not visualized  *– ? MEANS NOT SEEN OR WHAT...* |
| Perineum | No trauma noted |
| Anus | No trauma noted; good sphincter tone  *✗ ?* |
| Penis | N/A |
| Scrotum | N/A |

Check for Sperm ☑ Not Done ☐ Positive ☐ Negative     Motile: ☐ Yes ☐ No

Genital Diagrams: Document injuries and observations on the attached genital diagrams.

Document all diagnostic tests and treatment on medical record.

Ending Time of Exam: 14:15   *START 13:10*   *1-HOUR 5 MINUTE EXAM!*

**Impressions From Exam:** Sexual assault per patient history   *– WHAT THIS MEAN?*
- No trauma on head to toe assessment
- No trauma on genital assessment
- No laboratory results pending

_Jamie Ferrell RN_
Signature of Examiner

### Memorial Hermann Healthcare System
#### Forensic Nursing Services

*EXHIBIT #2*

## STEP 2  SEXUAL ASSAULT FORENSIC EXAMINATION
### Page 3

Hulsey, Alyssa
DOB: 7/15/2002
CSH: 11057
LE: 1108-16024

### EVIDENCE ITEMS INCLUDED IN KIT

- [ ] Oral Swabs (4)
- [ ] Oral Smear (1)
- [x] Vaginal Swabs (4)
- [ ] Vaginal Smear (1)
- [ ] Dried Body Fluids
- [ ] Pubic Hair Combings & Comb
- [ ] Pulled Pubic Hair Standards
- [ ] Anal Swabs (4)
- [ ] Anal Smear (1)

- [ ] External Penile Swabs (2)
- [ ] External Penile Smear (1)
- [ ] Saliva Swabs (2)
- [ ] Purple Blood Tube
- [ ] Tampon, diaper, sanitary pad, sponge
- [ ] Panties (if they fit in box)
- [ ] Other

- [ ] Fingernail scrapings
- [ ] Head Hair Combings & Comb
- [ ] Pulled Head Hair Standards
- [ ] Foreign Matter

*None collected*

### EVIDENCE ITEMS NOT INCLUDED IN KIT

___ # of paper bags    [ ] Photographs    [ ] X-Rays    [x] Other Colposcope Images ①_____ (Specify)
(Available)

*← WHAT THIS MEAN?*

(Please list clothing or miscellaneous items)

| Article | Description (tears or stains) |
|---|---|
| | |

### PATIENT FOLLOW-UP CARE/LEGAL CHECKLIST:

| | |
|---|---|
| GYN/Medical/STD follow-up appointment | [ ] Yes  [ ] No |
| Sexual assault counseling referral given | [x] Yes  [ ] No |
| Written and verbal information given to patient | [x] Yes  [ ] No |
| Medical facility received permission to contact patient [x] by telephone [ ] by mail [ ] permission not obtained | |
| Authorization for Release of Evidence to Law Enforcement Agency completed | [x] Yes  [ ] No |
| Law enforcement/Children's Protective Services notified if suspect child abuse | [x] Yes  [ ] No |

_Jamie Ferrell RN, FN_
Signature of Examiner

Jamie Ferrell, RN
Printed Name of Examiner

**Memorial Hermann Healthcare System**
Forensic Nursing Services

45

*EXHIBIT #3*

## CAUSE NO. CR-38,496

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 441st JUDICIAL DISTRICT |
| | § | |
| ROBERT MUNOZ | § | MIDLAND COUNTY, TEXAS |

## SEVENTH NOTICE OF INTENT
## TO OFFER EVIDENCE OF EXTRANEOUS
## CRIMES, ACTS AND WRONGS
## COMMITTED BY THE DEFENDANT
## IN STATE'S CASE IN CHIEF ON GUILT-INNOCENCE
## AND/OR PUNISHMENT

**COMES NOW** the State of Texas by and through her District Attorney and gives notice to the defendant as required by TEX. R. CRIM. EVID. 404(b) and 37.07 of the TEX. CODE CRIM. PROC. that the State of Texas intends to offer in the State's case in chief at guilt-innocence and/or punishment evidence, or for the purpose of enhancing the range of punishment, of the following crimes, acts and wrongs committed by the defendant, which may be considered extraneous, to-wit:

1. On or about September 16, 1992 in Jacksonville, North Carolina, the defendant was placed on probation for the offense of Discharge of a Weapon in the City Limits.

2. On or about June 20, 2007 in Midland County, Texas, the defendant was placed on deferred adjudication in cause number CR117131 for Assault Family Violence. The defendant had been charged with Assault Family Violence alleged in cause number CR117130. That case was dismissed when the defendant plead to cause number CR117131. During this incident the defendant was arguing with Elizabeth Kuzmich in the front yard. Irene Galvan Munoz, the daughter of the defendant, went outside

where she observed the defendant sitting on top of Elizabeth hitting her head with his hands. Ms. Munoz stated that she went to attempt to get the defendant off when the defendant pushed her away causing Ms. Munoz to hurt her right ankle whish was bleeding and bruised up when deputies arrived. Ms. Munoz then went inside and called 911 and locked her father out of the house due to him being violent. The defendant came back inside by busting in the back window and questioned Ms. Munoz if she had called the police. Elizabeth was found hiding across the street and had visible injuries.

In a field witness statement, Ms. Munoz further elaborates that she was woken up her sister because "Dad is beating up Elizabeth." The girls yelled at him to get off of her (Elizabeth Kuzmich) and they had to get a shovel to get him off of her (Elizabeth Kuzmich). In addition, Ms. Munoz stated they were terrified and the defendant threatened to whoop them if they called the police. Further, the two girls were hiding in the bathroom from the defendant and locked the door and tried not to breathe so as to stay hidden. The full contents of the statement are contained in the State's file and available for discovery. The defendant was intoxicated during the offense.

3. On or about January 3rd, 2008 In Midland County, Texas the defendant penetrated the female sexual organ of Mary Ann Kuzmich with his finger or fingers. On or about January 15, 2008 the defendant penetrated the female sexual organ of Mary Ann Kuzmich with his finger or fingers. At the time of the incidents, Mary Ann Kuzmich was a child younger than 17 years of age. These allegations appear in cause number CR38496.

4. On or about November 2, 2011 in Midland County, Texas the defendant was charged with Theft by Check which is filed by information in cause

*[handwritten left margin: CR, 11/3/131 — IF THE FILES FOR THIS CAUSE ARE AVAILABLE FOR DISCOVERY, THEY AT THE OFFICERS REVIEW ARE ALSO BE]*

*[handwritten lower left: Paid W/B4 — Exhibit 2 — Journal]*

number CR136082.

5. The defendant was on bond in cause number CR38496 and violated the terms and conditions of his bond by moving to a new address out of the city of Midland and failed to communicate with his bonding company. In addition, the defendant absconded while on release on bond resulting in a manhunt lead by the Midland County Sheriffs Department and the United States Marshall Service. The defendant was known to be in several different cities before apprehended. In addition, the defendant was aware of his warrant and failed to turn himself in. Elizabeth Kuzmich was charged with Hindering the Apprehension of the defendant and is currently on probation for that offense.

6. On or about December 2010 to May of 2011 the defendant penetrated the female sexual organ and anus of A.H and touched the breast of the said A.H. on multiple occasions. At the time of the offense the said A.H. was a child younger than 14 years of age. Those offenses are alleged in cause number CR39575.

7. The defendant has been practicing law while incarcerated in the Midland County Jail. Inmates refer to him as "the attorney". He has been accepting payments for his services in the form of commissary.

8. The defendant was married to Norma Munoz and carried on a long term extra marital affair with Elizabeth Kuzmich.

9. The during the time the defendant was in a relationship with Elizabeth Kuzmich, the defendant intentionally and knowingly hit and struck the said Elizabeth Kuzmich with his hand or hand, and pushed the said Elizabeth Kuzmich, and grabbed the said Elizabeth Kuzmich, and had a history of family violence with the said Elizabeth Kuzmich. During the

relationship with Elizabeth Kuzmich, the defendant also committed family violence against Wilson Kuzmich and Mary Ann Kuzmich by hitting and striking them, and by pushing them, and by grabbing them. The defendant was intoxicated during some of these episodes.

10. The defendant has a history of substance abuse. Including marijuana use in approximately 2008 and delivering Marijuana to Tyler Kuzmich.

11. The defendant has continued contact with Elizabeth Kuzmich since his incarceration.

12. The defendant has threaten to kill or "take out" Elizabeth Kuzmich on several occasions during the relationship. The defendant placed both his biological children and Elizabeth Kuzmich's children in fear based on his violent nature and continued assaults against Elizabeth Kuzmich and his acts of violence against Mary Ann Kuzmich.

13. On or about December 12, 2010 in Midland County, Texas, the defendant did then and there hit, strike, and push the said Elizabeth Kuzmich thereby causing her bodily injury and the defendant and Elizabeth Kuzmich were in a dating relationship. During the same incident, the said defendant did then and there push Mary Ann Kuzmich thereby causing her bodily injury. Mary Ann Kuzmich then called her sister-in-law who in return contacted the police. The defendant was gone upon arrival.

14. The defendant has a history of being provocative towards women while intoxicated. This includes an incident where the defendant grabbed the hand of Christina Reyes and attempted to force Ms. Reyes to touch him.

15. The defendant did then and there penetrate the sexual organ of Christina Reyes with his finger in Midland County when the said Christina Reyes was 18 years of age. During this incident, the defendant was saying things like, "doesn't that feel good?" and "you know you want it".

EXHIBIT #3

4326884938          02:42:09 p.m.   12-21-2012          5/6

16. The defendant and Christina Reyes were in Plainview, Texas for work. Another individual by the name of Ally had accompanied them. The three went out for drinks the night before. In the morning, all three were late getting around. Ally and Ms. Reyes were staying in a room together. The defendant was staying in an adjacent room. The defendant said he was going to go and get breakfast and set up and for Ms. Reyes to use his shower so she could get ready. While in the shower, the defendant came into the bathroom and tried to pull the shower curtain back. Ms. Reyes told him to leave and he did. The defendant then came back into the bathroom and tried to look at Ms. Reyes again. The defendant was told to leave the bathroom and he did. Ms. Reyes exited the shower and had a towel wrapped around her head and body. Ms. Reyes then ended up on the bed. The defendant proceeded to put his mouth on her genitals. Ms. Reyes kicked the defendant in the nose. He grabbed her towel on her body and put it to her nose. She then grabbed the towel from her head and ran to her room next door. The defendant had made many comments that he wanted to "eat her out". Ms. Reyes was 21 when this happened.

17. The defendant exposed his penis to Christina Reyes on several occasions. These events all took place when Ms. Reyes was over the age of 17.

18. While pregnant with her son John, Christina Reyes was staying at the home of Elizabeth Kuzmich. Ms. Reyes was staying in the bedroom of Mary Ann Kuzmich. While staying there, the was in the bed sleeping when she felt a hand go up her shorts and squeeze her bottom. She woke up to find the defendant standing near the doorway.

19. After being arrested for the above styled cause, the defendant made the statement, "if you say anything, I'm gone" and "if you say anything, I am going to eye fuck you in court." Ms. Reyes understood this statement to

EXHIBIT #3

4326884938                               02:42:24 p.m.    12-21-2012                    6/6

mean he would go to prison is she ever talked.

20. Christina Reyes confirmed that there was a substantial amount of physical abuse between the defendant and Elizabeth Kuzmich.

**WHEREFORE, PREMISES CONSIDERED,** the defendant is hereby notified that at the trial of the above entitled and numbered cause, the State intends to introduce in evidence at the State's case in chief on guilt-innocence and/or punishment the aforesaid extraneous crimes, acts and wrongs committed by the said defendant.

Respectfully submitted,

Laura Nodolf
Assistant District Attorney
500 N. Lorraine, Ste. 200
Midland, Texas 79701
(432) 688-4411
State Bar No.: 24042348

## CERTIFICATE OF SERVICE

I, the below signed Attorney for Midland County, Texas, do hereby certify that on the 21st day of December 2012, I sent a true and correct copy of the foregoing NOTICE by facsimile to the Attorney of Record for the defendant, at his office.

Assistant District Attorney
Midland County Courthouse
Midland, Texas 79701
(432) 688-4411

_EXHIBIT #4_

03/25/11          MIDLAND COUNTY SHERIFF'S OFFICE                    257
10:26             Law Supplemental Narrative:          Page:      1

   Details
Incident Number:  11-01793          Name: FUENTES C
Sequence Number:   2                Date: 09:42:54 03/25/11

   Narrative
   (See below)

Narrative:
SUPPLEMENT OFFENSE:          SEXUAL ASSAULT OF A CHILD

                       MIDLAND COUNTY SHERIFF'S OFFICE
                       P.O. Box 11287, 400 South Main
                           Midland, Texas 79701
                              432-688-4600


1. COMPLAINT #
        11-01793


2. NAME OF COMPLAINANT
        MARY ANN WOOD KUZMICH
        W/F DOB 10-31-92
        4400 N. HOLIDAY HILL RD. #1401
        432-557-2150

3. Details of Offense, Progress of Investigation, Etc.
        ON February 18, 2011 I SGT. C. FUENTES, A JUVENILE INVESTIGATOR WITH THE
MIDLAND COUNTY SHERIFF'S OFFICE WAS ASSIGNED CASE # 11-0192, COMPLAINT #
11-01793 IN REFERENCE TO A SEXUAL ASSAULT OF A CHILD. THE COMPLAINANT AND
VICTIM, MARY ANN WOOD KUZMICH, W/F, DOB 10-31-92 REPORTED TO MIDLAND POLICE
OFFICER D. STIEF THAT SHE HAD BEEN SEXUALLY ASSAULTED BY HER MOTHERS BOYFRIEND
APPROXIMATELY THREE YEARS AGO AND WAS WANTING TO KNOW IF SHE COULD STILL REPORT
IT. UNKNOWN AT THE TIME THAT THE INCIDENT OCCURRED IN MIDLAND COUNTY, A REPORT
WAS TAKEN BY OFFICER STIEF AND THE CASE WAS TURNED OVER TO DETECTIVE ANDERSON.
DETECTIVE ANDERSON BEGAN THE INVESTIGATION AND FOUND THAT THE INCIDENT OCCURED IN
THE COUNTY ( SEE REPORT WRITTEN BY DETECTIVE ANDERSON ). SOON AFTER THE CASE WAS
TURNED OVER TO MIDLAND COUNTY INVESTIGATION DIVISION.
        ON February 24, 2011 I SGT. FUENTES WAS FINALLY ABLE TO MAKE CONTACT
WITH THE VICTIM MARY ANN WOOD KUZMICH. MARY ANN STATED THAT SHE COULD GIVE ME A
STATEMENT ON MARCH 2, 2011 AFTER 1 P.M. AT LEE HIGH SCHOOL.
        ON MARCH 2, 2011 AT APPROXIMATELY 1:25 P.M. I SGT. C. FUENTES MET WITH
THE VICTIM/ COMPLAINANT AT ROBERT E. LEE HIGH SCHOOL. MARY ANN STATED THAT SHE
HAD BEEN SEXUALLY ASSAULTED IN January OF 2008 BY HER MOTHERS BOYFRIEND ROBERT
MUNOZ, H/M DOB 2-3-69 WHILE THEY HAD STAYED THE NIGHT OVER AT ROBERT'S HOUSE
LOCATED AT 4101 SCR 1184, WITH HER MOTHER ELIZABETH CANTU KUZMICH, W/F, DOB
6-29-65. MARY ANN STATED THAT HER MOTHER, ELIZABETH, AND ROBERT HAD BEEN
DRINKING THIS NIGHT. MARY ANN STATED THAT IT HAD GOT LATE SO HER MOTHER DECIDED
TO STAY THE NIGHT AND MARY ANN SLEPT ON THE FLOOR IN THE LIVING ROOM. MARY ANN
STATED THAT WHILE SHE WAS ASLEEP, SHE WAS AWAKENED BY FEELING SOMETHING TOUCHING
HER THIGH. SHE PEEKED AND SAW THAT IT WAS HER MOTHERS BOYFRIEND ROBERT MUNOZ.

#2 PG 12 SAY- OCCURED JAN 2007 - NOT JAN 2008

EXHIBIT #4
"ALLEGED"
VS. - "NO TWO" SPOT
AT TRIAL

MARY ANN STATED THAT HE CONTINUED TO MOVE UP HER LEG UNTIL HE HAD REACHED HER VAGINA. MARY ANN STATED THAT " HE HAD PUT HIS FINGERS INSIDE ME ". I THEN ASKED MARY ANN JUST TO BE SURE IF ROBERT HAD PENETRATED HER FEMALE ORGAN WITH HIS FINGERS, MARY ANN STATED " YES " AS SHE WAS CRYING. MARY ANN STATED THAT HE HAD ATTEMPTED AGAIN WHILE SHE STAYED AT 5320 SHADY BEND COURT WHILE SHE WAS ASLEEP AGAIN. MARY ANN STATED THAT SHE KNEW WHAT HE WAS TRYING TO DO SO SHE BEGAN STRETCHING AS IF SHE WERE WAKING UP. THIS STARTLED ROBERT AND HE LEFT HER ROOM. MARY ANN DID STATE THAT SHE HAD TOLD HER MOTHER ELIZABETH ABOUT THE FIRST INCIDENT THE MORNING AFTER. MARY ANN STATED THAT HER MOTHER GREW UPSET AND CONFRONTED ROBERT ABOUT IT. MARY ANN STATED THAT ROBERT HAD DENIED IT BUT THAT IF IT DID HAPPEN HE DID NOT REMEMBER BECAUSE HE WAS DRUNK. ( LISTEN TO AUDIO FOR COMPLETE DETAILS ).

ON MARCH 7, 2011 I SGT. C. FUENTES MADE CONTACT WITH ROBERT MUNOZ WHO STATED THAT HE WOULD GIVE A STATEMENT ON MARCH 9, 2011 AT APPROXIAMTELY 2 P.M..

ON MARCH 9, 2011 I SGT. FUENTES WAS CONTACTED BY ROBERT MUNOZ AND WAS ADVISED THAT HIS LAWYER DID NOT WANT HIM TO SPEAK WITH ME WITHOUT HIM. MR. MUNOZ STATED THAT HE WOULD CALL ME AND RESCHEDULE AN INTERVIEW AT A LATER DATE WITH HIS LAWYER.

THIS CASE IS TO TURNED OVER TO THE DISTRICT ATTORNEYS OFFICE TO BE PRESENTED BEFORE THE GRAND JURY. NO FURTHER.

4. Deputy making report, Badge#, Section, Date
   SGT. C. FUENTES, 212, CID, 3-25-11

(A) THERE IS AUDIO!

(B) WHY NOT TELL MOM OF 2ND ALLEGED ATTEMPT?

(C) STRETCHING, AS IF WAKING UP, WHY NOT YELL, SCREAM, KICK?

**ADA TRAVEL SERVICE**
*CONNECTING YOU TO THE WORLD*
Phone: 1-400-256-5862
ADATRAVEL@PPLSI.COM

English   Log in
12 hrs display   Sign up Now

| Home | View Itinerary | City Guides | Help |

My Profile   My Trips

| TRIP TO | PREPARED FOR | RESERVATION CODE | TRAVEL DATES |
|---|---|---|---|
| CANCUN, MEXICO | ELIZABETH C KUZMICH *Passengers* | JPDPJQ | Jun 04 – Jun 08 |

Overview   All

**eTicket Receipt(s)**
0057971761043  KUZMICH
0057971761041  WOOD,M
0057971761042  WOOD,W

**NEXT STEPS**

Print Itinerary
Save as PDF
E-mail Itinerary
Add to Calendar
Add to Calendar with Infuzer
View eTicket Receipt
Add to My Trips

| Saturday  Jun 4 | MAF MIDLAND ODESSA, TX | IAH HOUSTON GEO BUSH TX |
|---|---|---|

**CONTINENTAL AIRLINES**
**CO 2088**
Operated by
**EXPRESSJET AIRLINES INC DBA CO EXPRESS**

Departing At 10:50am
Terminal Not Available

Arriving At 12:08pm
Terminal TERMINAL B

Check-In

| PASSENGER NAME | Seats |
|---|---|
| ELIZABETH C KUZMICH | 17A / Confirmed |
| MARY ANN WOOD KUZMICH | 17B / Confirmed |
| WILSON RUDOLPH WOOD KUZMICH | 17C / Confirmed |

| Airline Reservation Code | C8N8XS | Duration | 01hr(s) 18min(s) |
|---|---|---|---|
| Status | Confirmed | Class | Economy |
| Aircraft | EMBRAER JET | Gate | Check for latest information |
| | | Stop(s) | 0 |
| Smoking | No | Distance (in Miles) | 0435 |

*Please verify flight times prior to departure*

*Where do you want to go?*
Maps | Directions

Please create or log in to your profile to

Save your trip   Receive flight notifications   Update your social network   Log in

**LOOKING FOR THINGS TO DO?**
Check the Attractions,
Museums, Shopping options.

| Saturday  Jun 4 | IAH HOUSTON GEO BUSH, TX | CUN CANCUN MEXICO |
|---|---|---|

**CONTINENTAL AIRLINES**
**CO 1464**

Departing At 01:15pm
Terminal TERMINAL E

Arriving At 03:25pm
Terminal TERMINAL 3

Check-In

| PASSENGER NAME | Seats |
|---|---|
| ELIZABETH C KUZMICH | Check-In Required |
| MARY ANN WOOD KUZMICH | Check-In Required |
| WILSON RUDOLPH WOOD KUZMICH | Check-In Required |

| Airline Reservation Code | C8N8XS | Duration | 02hr(s) 10min(s) |
|---|---|---|---|
| Status | Confirmed | Class | Economy |
| Aircraft | BOEING 737-900 JET | Gate | Check for latest information |
| Meals | Food and Beverage for Purchase | Stop(s) | 0 |

**JOIN MASSIVEGOOD**

Smoking          No     Distance (in Miles)          0797

Please verify flight times prior to departure

**Buy Travel Protection For
This Trip**          Only $24.95
per passenger          | Buy Now |
Available to U.S. and Canada residents only.
See Details

| | | |
|---|---|---|
| Wednesday    Jun 8 | **CUN**
CANCUN, MEXICO | **IAH**
HOUSTON GEO BUSH, TX |

**CONTINENTAL
AIRLINES
CO 1665**

Departing At
05:25pm          Arriving At
07:48pm

| Check-In | Terminal
TERMINAL 3 | Terminal
TERMINAL E |

**PASSENGER NAME**          Seats

ELIZABETH C KUZMICH          Check-In Required

MARY ANN WOOD KUZMICH          Check-In Required

WILSON RUDOLPH WOOD KUZMICH          Check-In Required

| Airline Reservation Code | C8N8XS | Duration | 02hr(s) 23min(s) |
|---|---|---|---|
| Status | Confirmed | Class | Economy |
| Aircraft | BOEING 737-800 JET | Gate | Check for latest information |
| Meals | Food and Beverage for Purchase | Stop(s) | 0 |
| Smoking | No | Distance (in Miles) | 0797 |

Please verify flight times prior to departure

| | | |
|---|---|---|
| Wednesday    Jun 8 | **IAH**
HOUSTON GEO BUSH, TX | **MAF**
MIDLAND ODESSA, TX |

**CONTINENTAL
AIRLINES
CO 5805
Operated by
SKYWEST DBA UNITED
EXPRESS**

Departing At
09:25pm          Arriving At
10:47pm

| Check-In | Terminal
TERMINAL B | Terminal
Not Available |

**PASSENGER NAME**          Seats

ELIZABETH C KUZMICH          05C / Confirmed

MARY ANN WOOD KUZMICH          08C / Confirmed

WILSON RUDOLPH WOOD KUZMICH          06D / Confirmed

| Airline Reservation Code | C8N8XS | Duration | 01hr(s) 22min(s) |
|---|---|---|---|
| Status | Confirmed | Class | Economy |
| Aircraft | CRJ-CANADAIR REGIONAL JET | Gate | Check for latest information |
| | | Stop(s) | 0 |
| Smoking | No | Distance (in Miles) | 0435 |

Please verify flight times prior to departure

**Notes**
NO VALUE AFTER FLIGHT DATE
CALL AND RECONFIRM 24HRS PRIOR TO FLIGHT
NONREFUNDABLE/150USD EXCHGE FEE PLUS DIFFERENCE IN FARE
WHEN A CHECK IS PRESENTED AS PAYMENT YOU AUTHORIZE US
TO USE INFORMATION FROM YOUR CHECK TO MAKE A ONE TIME
ELECTRONIC FUND TRANSFER FROM YOUR ACCCOUNT TO PROCESS
THE PAYMENT AS A CHECK TRANSACTION.
FOR INQUIRIES CALL 800-256-5860.

Advertise    For Travel Agents    Privacy Policy    Copyright and Trademark Notices    Terms and Conditions



# Ada Travel Service

A Division of Pre-Paid Legal Services, Inc.
One Pre-Paid Way
Ada, Oklahoma 74820
580.436.0133 • 800.256.5860
Fax 580-436-0139

EXH 1817 #5

SALES PERSON: SC          ITINERARY/INVOICE NO. 0280640          DATE: 14 APR 11
                                            GFOOHU                PAGE: 01

       TO: APT 90
           1301 LATTA ST
           MIDLAND          TX, 79701


FOR: MUNOZ/ROBERT
     MUNOZ/NORMA I


04 JUN 11  -  SATURDAY
    AIR    CONTINENTAL AIRLINES FLT:3162    ECONOMY CLASS
           OPERATED BY /EXPRESSJET AIRLINES INC DBA CO EXPRESS
           LV MIDLAND ODESSA                750A            EQP: EMBRAER 145 JET
                                                            01HR 20MIN
           AR HOUSTON GEO BUSH              910A            NON-STOP
           ARRIVE: TERMINAL B                               REF: C60F4S
           MUNOZ/ROBERT          SEAT-19B
           MUNOZ/NORMA I         SEAT-19C
    AIR    CONTINENTAL AIRLINES FLT:364     ECONOMY CLASS  FOOD-BEV/PUR
           LV HOUSTON GEO BUSH              1031A           EQP: BOEING 737-900
           DEPART: TERMINAL E                               02HR 09MIN
           AR CANCUN                        1240P           NON-STOP
           ARRIVE: TERMINAL 3                               REF: C60F4S
           MUNOZ/ROBERT          SEAT-37D
           MUNOZ/NORMA I         SEAT-37E

08 JUN 11  -  WEDNESDAY
    AIR    CONTINENTAL AIRLINES FLT:765     ECONOMY CLASS  FOOD-BEV/PUR
           LV CANCUN                        300P            EQP: BOEING 737-800
           DEPART: TERMINAL 3                               02HR 25MIN
           AR HOUSTON GEO BUSH              525P            NON-STOP
           ARRIVE: TERMINAL E                               REF: C60F4S
           MUNOZ/ROBERT          SEAT-28E
           MUNOZ/NORMA I         SEAT-28F
    AIR    CONTINENTAL AIRLINES FLT:5803    ECONOMY CLASS
           OPERATED BY /SKYWEST DBA UNITED EXPRESS
           LV HOUSTON GEO BUSH              625P            EQP: CANADAIR REG JET
           DEPART: TERMINAL B                               01HR 22MIN
           AR MIDLAND ODESSA                747P            NON-STOP
                                                            REF: C60F4S

           MUNOZ/ROBERT          SEAT-11B
           MUNOZ/NORMA I         SEAT-11C

AIR TICKET    0079674546379        MUNOZ ROBERT
ELEC TKT                           BILLED TO CAXXXXXXXXXXXXX0506        718.62*
A Thank you! We appreciate your business.   MUNOZ NORMA I
ELEC TKT                           BILLED TO CAXXXXXXXXXXXXX0506        718.62*

CONTINUED ON PAGE 2



In The

# Eleventh Court of Appeals

No. 11-13-00139-CR

**ROBERT MUNOZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR 38,496**

## MEMORANDUM OPINION

Robert Munoz appeals his convictions by a jury for two counts of sexual assault of a child younger than seventeen years of age. TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (c)(1) (West 2011). The trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal justice for a term of ten years on each count with the sentences to be served consecutively. Appellant brings four issues on appeal. He argues in his first three

issues that the trial court erred when it admitted the following evidence: (1) testimony that a witness had previously been convicted of hindering Appellant's apprehension, (2) testimony concerning Appellant's violation of his agreement with his bail bondsman, and (3) testimony of Appellant's pre-arrest silence. In his fourth issue, Appellant asserts that he received ineffective assistance of counsel at trial. We affirm.

*Background Facts*

M.A.K. was fifteen years old at the time of the conduct charged in the indictment. She testified that her mother, Elizabeth, worked with Appellant at Prepaid Legal Services. Although Appellant was already married with children, Elizabeth and Appellant began a romantic relationship. Elizabeth would bring M.A.K. and her younger brother, W.W.K., over to Appellant's house to "hang out and go to the movies and just be around each other." Occasionally, M.A.K. would stay the night at Appellant's house with Elizabeth and W.W.K. Elizabeth would sleep with Appellant while M.A.K. and W.W.K. would sleep on a pallet in the living room.

Elizabeth, M.A.K., and W.W.K. stayed at Appellant's house during the 2007–2008 Christmas vacation. The night before returning to school, M.A.K. woke up in the middle of the night because she "felt pressure on [her] leg. It felt like -- it felt like a hand on [her] leg." M.A.K. felt the hand on her upper thigh, and the hand moved up her leg, under her shorts. M.A.K. said that she felt the hand go under her underwear and penetrate her in her "no-no spot."[1] M.A.K. testified that it was Appellant's fingers and that he moved his fingers "in and out and around." M.A.K. then turned over and began to hyperventilate. Appellant ran into the kitchen, and

---

[1]M.A.K. subsequently clarified her meaning of "no-no spot" as a female's genital area.

Elizabeth came out of the bedroom. Elizabeth told M.A.K. to "shut up and go to sleep because [she] had school the next morning."

The next morning, M.A.K. told her mother that Appellant had touched her. Elizabeth got upset and told M.A.K. to shut up and go to school. When M.A.K. arrived home from school, Elizabeth confronted her in the presence of Appellant and asked if what she had said was true. M.A.K testified that, when she answered in the affirmative, Appellant said, "If I did do anything, I didn't mean to." M.A.K. then left the room at the request of Elizabeth. A week later, M.A.K. was sleeping at her house when she was awakened by a hand on her thigh. She "felt a hand move up [her] leg and under [her] underwear, and his fingers penetrated [her] no-no spot." M.A.K. turned over, and Appellant ran from the room. M.A.K. did not tell her mother about the second time "[b]ecause she didn't believe [M.A.K.] the first time."

M.A.K. did not report the incidents to the authorities until December 2010. M.A.K. called the police to report that Appellant had assaulted her mother. While M.A.K. was talking to the police about the assault on her mother, she also told them about the sexual assaults that Appellant had committed against M.A.K.

At the time of trial, the romantic relationship between Elizabeth and Appellant continued to exist. Elizabeth was called by the State as a witness. Elizabeth's testimony supported Appellant's position at trial rather than her daughter's allegations. With regard to the first incident, Elizabeth testified that M.A.K. told her that Appellant had touched her. However, Elizabeth said that she "confronted them, and [M.A.K.] said it wasn't true." Elizabeth also denied that she fought with Appellant the night M.A.K. called the police. Two weeks prior to trial, Elizabeth recorded M.A.K. in an effort to get her to recant.

## Analysis

Appellant's first three issues address the admissibility of evidence at trial. We review a trial court's ruling on admissibility of evidence for an abuse of discretion.

3

*See Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).

In his first issue, Appellant argues that the trial court erred when it permitted the State to question Elizabeth about charges filed against her for hindering Appellant's apprehension. The prosecutor initially asked Elizabeth, "You love the Defendant as much as you love your children; isn't that correct? . . . Isn't it true you went to jail for the Defendant?" Appellant's trial counsel lodged a general relevancy objection to these questions. The prosecutor responded that "[w]e're showing it for the motive and bias of the testimony of the witness." The trial court overruled Appellant's objection but instructed the jury to only consider Elizabeth's responses for the purpose of showing the motive and bias of the witness. When asked by the prosecutor if she had gone "to jail for the Defendant," Elizabeth responded, "They put me in jail." The prosecutor then asked Elizabeth, "Did you go to jail for the offense of hindering apprehension, the apprehension of the Defendant?" to which she replied in the affirmative. Appellant's trial counsel did not lodge an objection to the prosecutor's subsequent question that identified the particular offense for which Elizabeth was incarcerated.

Appellant contends that the subsequent identification of the offense was cumulative of the previous evidence of Elizabeth's motive or bias. He additionally contends that this evidence was unfairly prejudicial under Rule 403 and that the "impact of this cumulative evidence was that jurors could wrongly infer that, as Appellant's lover, [Elizabeth] was attempting to aid Appellant in avoiding apprehension." Further, Appellant contends that the testimony shows that, if Elizabeth "was placed on probation for hindering his apprehension, then Appellant himself must have been attempting to evade apprehension – and therefore guilty of the charges." *See* TEX. R. EVID. 403. However, Appellant's trial counsel did not

4

lodge an objection to the prosecutor's follow-up question. Accordingly, Appellant's complaints on appeal were not preserved for appellate review. *See* TEX. R. APP. P. 33.1. We overrule Appellant's first issue.

In his second issue, Appellant argues that the trial court erred when it admitted the testimony of Chris Barrientes, Appellant's bail bondsman, "about the conditions of Appellant's bond, and the reasons why the bonding company went off Appellant's bond." Appellant argues that this testimony was not relevant to the issue of Appellant's guilt and that, even if it was relevant, its prejudicial effect outweighs its probative value. Appellant's trial counsel lodged a general relevancy objection to the initial question pertaining to the conditions of Appellant's bond. The prosecutor responded to this objection by asserting that the information was relevant to a trip to Cancun that Appellant raised in his cross-examination of M.A.K. The trial court overruled this objection.

The prosecutor then asked Barrientes about the details of the conditions of Appellant's bond. Appellant's trial counsel objected on the basis of hearsay to a response wherein Barrientes stated that Appellant told the bonding company that he did not have a passport. The trial court overruled this objection after the prosecutor stated that Appellant's statement constituted an admission of a party-opponent. The prosecutor then elicited testimony from Barrientes to the effect that Appellant did not state that he had any intentions of traveling out of the country, that the bonding company would not have permitted him to travel out of the country for leisure purposes, and that the bonding company ultimately went off his bond for a variety of reasons. Barrientes also testified during cross-examination by Appellant's trial counsel that "Marshals" had shown up at the bonding company seeking information about Appellant. The subsequent questioning occurred without objection from Appellant's trial counsel.

5

We disagree with Appellant's contention that Barrientes's testimony was not relevant to the issue of Appellant's guilt. As correctly noted by the State, Appellant raised the matter of the trip to Cancun during the cross-examination of M.A.K. when defense counsel questioned her about a trip to Cancun in 2011. Two photographs of Appellant and M.A.K. swimming together were introduced into evidence. Defense counsel attempted to show that M.A.K. and Appellant had a close relationship even after she made allegations to the authorities. Accordingly, Appellant "opened the door" to details pertaining to the trip. *See Bowley v. State*, 310 S.W.3d 431, 435 (Tex. Crim. App. 2010) ("[A] party who 'opens the door' to otherwise inadmissible evidence risks the adverse effect of having that evidence admitted."). We conclude that the trial court did not abuse its discretion by overruling Appellant's relevancy objection to the details of Appellant's bond conditions regarding foreign travel.

With respect to Appellant's argument under Rule 403, this contention was not preserved for appellate review with a sufficient objection. A general relevance objection is insufficient to invoke a ruling from the trial court on whether the evidence is subject to exclusion on the ground of unfair prejudice under Rule 403. *See Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1991). Furthermore, most of Barrientes's testimony pertaining to the details of Appellant's bond was admitted without objection. Accordingly, we overrule Appellant's second issue.

Appellant's third issue challenges the admission of evidence that he refused to talk to Investigator Chris Fuentes about M.A.K.'s allegations or Detective Kay Therwhanger about extraneous offenses that he allegedly committed. Citing *Jenkins v. Anderson*, 447 U.S. 231, 238 (1980), Appellant alleges that his pre-arrest silence cannot be used against him because he did not testify in this case.

Investigator Fuentes testified that he called Appellant on March 7, 2011, and asked him "if he would be willing to give me a statement of his own free will."

6

Appellant initially agreed to give a statement to Investigator Fuentes. However, Investigator Fuentes testified that Appellant subsequently informed him that he would not give "any statement without his lawyer being present and that he would contact me back at a later time." Investigator Fuentes did not speak with Appellant again.

Detective Therwhanger testified that she called Appellant to discuss extraneous offenses involving A.H., a ten-year-old girl who testified that Appellant had touched her in a similar fashion on several occasions. Detective Therwhanger simply testified that she attempted to contact Appellant and that he declined to speak with her.

There is no evidence in the record of the date that Appellant was arrested. However, Investigator Fuentes testified that his contact with Appellant occurred prior to Appellant's arrest. Furthermore, Appellant states in his brief that his silence was pre-arrest, pre-*Miranda*. *Miranda v. Arizona*, 384 U.S. 436 (1966).

The Court of Criminal Appeals and the Supreme Court of the United States have both held that pre-arrest, pre-*Miranda* silence is admissible evidence against a non-testifying defendant as substantive evidence of guilt. *Salinas v. State*, 369 S.W.3d 176, 179 (Tex. Crim. App. 2012), *aff'd*, *Salinas v. Texas*, 133 S. Ct. 2174, 2182–83 (2013). A defendant must expressly invoke his right against self-incrimination; mere silence is not enough. *Salinas*, 133 S. Ct. 2183–84. While Appellant refused to talk to either Investigator Fuentes or Detective Therwhanger, he did not expressly say he was doing so based on the Fifth Amendment. Appellant simply refused to speak to them. This was not enough to invoke his rights under the Fifth Amendment and *Miranda*. *Id.* at 2182–84; *Salinas*, 369 S.W.3d at 179. Thus, the trial court did not abuse its discretion when it admitted testimony concerning Appellant's pre-arrest, pre-*Miranda* silence. We overrule Appellant's third issue.

7

In his fourth issue, Appellant contends that his trial counsel rendered ineffective assistance of counsel during the guilt/innocence phase of trial in seven respects: (1) when he failed to invoke Rule 403, or request a balancing test, when the State offered evidence of Elizabeth's conviction for hindering Appellant's apprehension; (2) when he failed to invoke Rule 403, or request a balancing test, when the State offered the bail bondsman's testimony; (3) when he failed to object to the bondsman's nonresponsive testimony regarding marshals coming to the bonding office to look at Appellant's file and failed to request an instruction to disregard and a mistrial; (4) when he failed to make a relevance objection to the bail bondsman's testimony regarding the reasons why the bonding company went off Appellant's bond; (5) when he failed to make a relevance objection, invoke Rule 403, request a balancing test, or make a Fifth Amendment objection to Investigator Fuentes's testimony about Appellant's refusal to give a statement; (6) when he failed to make a relevance objection, invoke Rule 403, request a balancing test, or make a Fifth Amendment objection to Detective Therwhanger's testimony about Appellant's refusal to give a statement; and (7) when he failed to make an offer of proof after the trial court excluded certain evidence. Appellant specifically cites five pieces of evidence that were excluded by the trial court, including posts by the complainant and the complainant's brother on Facebook, an incident involving the complainant touching Appellant's buttocks with her foot, the testimony of Dr. Jarvis Wright, and a recorded phone call between Appellant and witness Albert Palmer.

To determine whether Appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003);

8

*Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the record on direct appeal contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* In this case, the record is silent as to the reasoning behind trial counsel's actions and decisions.

The bulk of Appellant's claims of ineffective assistance of counsel are premised on trial counsel's failure to object on various grounds. When alleging ineffective assistance of counsel for failure to object, an appellant must demonstrate that the trial court would have erred in overruling an objection if trial counsel had made one. *See Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Many of Appellant's claims are based on the lack of an objection under Rule 403. This rule provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay or needless

9

presentation of cumulative evidence. *See Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009). An analysis under Rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the State's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006).

Appellant contends that the probative value of Elizabeth's testimony regarding her conviction for hindering Appellant's apprehension was outweighed by the danger of unfair prejudice. Appellant is essentially asserting that the trial court would have erred by overruling an objection under Rule 403 to this testimony. We disagree. Under Rule 403, it is presumed that the probative value of relevant evidence outweighs any danger of unfair prejudice. *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). As noted previously, the State sought to offer evidence of Elizabeth's conviction for hindering Appellant's apprehension to show motive or bias on her part in favor of Appellant. The fact that the offense involved Appellant's apprehension for the charged offenses is not unduly prejudicial because evidence of flight or escape is admissible as a circumstance from which an inference of guilt may be drawn. *See Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989).

In his second claim of ineffective assistance of counsel, Appellant contends that his trial counsel should have objected to Barrientes's testimony under Rule 403. In his third claim, he contends that his trial counsel should have objected to the nonresponsive nature of Barrientes's response about marshals coming to look at Appellant's file. In his fourth claim, Appellant contends that his trial counsel should have objected to the relevancy of the reasons why the bonding company went off Appellant's bond. As with the case of Elizabeth's testimony, the testimony from

Barrientes that Appellant contends his trial counsel should have challenged relates to Appellant's possible flight from the authorities while the case was pending. As noted previously, evidence of flight is admissible as a circumstance of guilt. *Id.*; *see Cantrell v. State*, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987) (evidence of bond forfeiture may be admissible as tending to show flight). We cannot conclude that the trial court would have erred in overruling the objections that Appellant contends his trial counsel should have made to Barrientes's testimony.

In his fifth and sixth claims of ineffective assistance of counsel, Appellant contends that his trial counsel provided ineffective assistance because he failed to object under Rule 403 during Investigator Fuentes's testimony about Appellant's refusal to give a statement and because he failed to make a relevance objection, a Rule 403 objection, or a Fifth Amendment objection during Detective Therwhanger's testimony that Appellant refused to give a statement. As discussed in issue three above, it was not error for the trial court to admit the testimony concerning Appellant's pre-arrest, pre-*Miranda* silence. *Salinas*, 133 S.Ct. at 2182–84; *Salinas*, 369 S.W.3d at 179. Accordingly, the record does not demonstrate that Appellant's trial counsel's actions were unreasonable.

In his seventh claim of ineffective assistance of counsel, Appellant argues that trial counsel failed to make an offer of proof for excluded evidence, including Facebook postings by M.A.K. and M.A.K.'s brother, an incident between M.A.K. and Appellant where M.A.K. touched Appellant with her foot, the testimony of Dr. Wright, and a recorded phone call between Appellant and Palmer while Appellant was in jail.

During cross-examination of M.A.K., defense counsel attempted to question her about a Facebook post she made. The State objected on the basis of hearsay, and the trial court overruled the objection. M.A.K. then answered the question. Because no evidence was excluded, no offer of proof was necessary. Thus, Appellant has not

shown that trial counsel's actions were deficient in this regard. During cross-examination of M.A.K.'s brother, defense counsel questioned him about a Facebook post. The State objected on the basis of hearsay, and the trial court sustained the objection. The record is silent as to why defense counsel wanted the testimony concerning the Facebook post before the jury. Accordingly, Appellant's argument does not satisfy the second prong of *Strickland* because the record does not indicate how that testimony would have influenced the outcome. *Strickland*, 466 U.S. at 691. Ineffective assistance of counsel claims "must be firmly founded in the record." *Thompson*, 9 S.W.3d at 813.

Defense counsel attempted to cross-examine M.A.K. about an alleged incident where M.A.K. touched Appellant with her foot. The trial court excluded evidence of this specific act of physical conduct. The record does not demonstrate why defense counsel did not make an offer of proof, what the exact testimony would have been, and if that testimony would benefit Appellant. Thus, this claim is also not firmly founded in the record. *Id.* Appellant has failed to show that the excluded testimony would have had any effect on the outcome. *Strickland*, 466 U.S. at 691.

Dr. Wright, a psychologist, was called by the defense to discuss the home environment and the relationship between Appellant, his family, and M.A.K.'s family. The State conducted a voir dire examination of Dr. Wright outside the presence of the jury to determine the relevancy of his testimony. After extensive questioning by both the State and defense counsel during the voir dire examination, the trial court excluded Dr. Wright's testimony because "there's been no showing that this will assist the trier of fact in understanding the evidence or determine a fact in issue." All of Dr. Wright's testimony during the voir dire examination was included in the record. Thus, defense counsel essentially made an offer of proof of Dr. Wright's excluded testimony. Accordingly, Appellant has failed to demonstrate that his trial counsel was ineffective in this regard.

12

Finally, defense counsel attempted to introduce a recorded phone call between Appellant and Palmer during Palmer's redirect examination. The phone call involved the same alleged incident between Appellant and M.A.K. as noted above pertaining to M.A.K. allegedly touching Appellant's buttocks with her foot. The record is silent as to why the excluded evidence would be beneficial to Appellant or why trial counsel did not make an offer of proof. Thus, Appellant has not overcome the presumption that trial counsel's actions were reasonable. *Id.* at 690. We overrule Appellant's fourth issue.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY

JUSTICE

June 30, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

